192 So.2d 724

**JIM WALTER CORP.**

v.

**George W. GREEN.**

**6 Div. 389.**

Supreme Court of Alabama.

Dec. 8, 1966.

R. A. Norred, Birmingham, for appellant.

Bill Fite, Hamilton, for appellee.

COLEMAN, Justice.

In a statutory suit to quiet title, the jury returned a verdict for one of the respondents. The circuit court, on motion, rendered a decree "non obstante veredicto" for complainant, and the respondent, for whom verdict was returned, appeals.

Complainant commenced the suit by filing bill of complaint alleging that he "is in peaceable possession of. . . . claiming to own. . . . in his own right," the

"SW ¼ of NW ¼ of Section 27, Township 9, Range 14, . . . ."

in Marion County; and that respondents claim some interest in or encumbrance upon the land. Complainant called upon respondents to propound their claim and demanded a jury. § 1112, Title 7, Code 1940.

Respondent, Mid-State Homes, Inc., a corporation, disclaimed any interest in the land.

Respondent, Jim Walter Corporation, a corporation, sometimes referred to as Jim Walter, answered, claiming to own "in fee simple, subject only to the complainant's statutory right of redemption, a portion of the real estate described in said Bill of Complaint." Jim Walter averred that its title "in such portion" is derived through "instruments consisting of Exhibits A, B, C and D" attached to the answer.

Exhibit A purports to be a copy of a mortgage executed by George W. Green, the complainant, and his wife, to Jim Walter to secure a debt of $4,780.80, payable in monthly installments. The land conveyed is described in the mortgage as follows:

" 'Starting in the South East Corner of the property owned by George W. Green as Recorded in Book 100 page 343 & 344 and thence runs North along property line 650' to a point of beginning thence go West 250' to the enitial point of beginning to start property, thence go North 100', thence go East 200' to public road, & Right of way thence go South along said road 100' to a point thence go West 200' to the point of Enitial beginning & start of property all lying & being in the SW ¼ of the NW ¼ of Sec. 27 T/S 9 R 14 Marion Co, Ala. the above described property being all taken under mortgage and in no way takes any other property under mortgage.' "

Exhibit B purports to be a copy of an assignment of the mortgage copied in Exhibit A, and the mortgage debt, by Jim Walter to Mid-State Homes, Inc. The description of the land in Exhibit B is the same description in all material respects as the description in Exhibit A, except that, in Exhibit B, the land is described as being in "Sec. 22" instead of "Sec. 27" as in Exhibit A.

Exhibit D purports to be a copy of an assignment of the mortgage and debt from Mid-State Homes, Inc., back to Jim Walter. In Exhibit D, also, as in Exhibit B, the land is described as being in "Sec. 22."

Exhibit C purports to be a deed executed by the auctioneer at a sale had in foreclosing Exhibit A, except that, in Exhibit C also, the land is described as being in "Sec. 22."

The cause was submitted to the jury who returned the following verdict:

"We, the jury, find the issues in favor of the defendant, Jim Walter Corporation."

Before decree was rendered, complainant filed a motion praying the court to "grant Complainant a new trial therein and/or moves for judgment and/or decree non obstante verdicto."

After hearing, the court granted complainant's motion and rendered decree for complainant notwithstanding the verdict. The court decreed that Jim Walter has "no right, title or interest in or encumbrance upon" the "SW ¼ of NW ¼ of Section 27, Township 9, Range 14" in Marion County, or any part thereof. Jim Walter appeals and assigns rendition of the decree as error.

Complainant says that rendition of the decree is justified because Jim Walter "has not propounded any claim to the lands described in the Bill of Complaint." Complainant relies on the rule that a respondent to a statutory bill to quiet title is not entitled to recover if the respondent fail to connect himself with the legal or equitable title to the land in suit or to a legal or equitable right or claim thereto. Carr v. Moore, 203 Ala. 223, 225, 82 So. 473.

Complainant says that Jim Walter's "answer and said proof, clearly claim title to land in Section 22, not in Section 27 which was set forth in the Bill of Complaint."

§ 1112, Title 7, Code 1940, recites that, "Upon the application of either party," in a proceeding under § 1109, Title 7, which authorizes the filing of bill to quiet title by a person in peaceable possession of lands, "a trial by jury shall be directed to determine the issues or any specified issue of fact presented by the pleadings; and the court is bound by the result, but may, for sufficient reasons, order a new trial thereof . . . ."

Because the statute makes the verdict binding on the court, we think the same rules, which apply with respect to judgment notwithstanding the verdict in an action at law, apply also in trial by jury under § 1112, Title 7.

Consideration of motions for judgment notwithstanding the verdict is somewhat rare in opinions of this court in recent years, but is not unknown. In City of Birmingham v. Andrews, 222 Ala. 362, 132 So. 877, this court refused to grant relief where the trial court had denied defendant's motion for judgment notwithstanding the verdict. The authorities indicate that, at common law, only a plaintiff could make such a motion and then only when defendant's plea confessed the cause of action and set up matters in avoidance which, although found to be true, were insufficient to constitute either a defense or bar to the action. " 'The motion was founded entirely upon the face of the pleadings; never upon the evidence. Where plaintiff's pleadings would not support a judgment upon a verdict in his favor, defendant's remedy was by motion in arrest of judgment.' " Weis-Patterson Lumber Co. v. King, 131 Fla. 342, 177 So. 313, 321. See also 30 Am.Jur. 351, Judgments §§ 298, 299, 300, and 49 C.J. S. Judgments § 60b, p. 152, and cases there cited.

The common law rule could probably be changed by statute, but we are not advised of any statute of this state authorizing a judgment notwithstanding the verdict on the ground that the evidence is insufficient to support the verdict. The discussion in City of Birmingham v. Andrews, supra, seems to indicate that allowing such judgment on such ground would conflict with Circuit Court Rules 34 and 35.

■ We are of opinion and hold that judgment notwithstanding the verdict can be granted on common law grounds only and is required to be based upon substantial insufficiency of the pleading and cannot rest on the insufficiency of the evidence.

In the instant case, the description of the land in Exhibit C, the foreclosure deed, does contain the letters and figures, "Sec.,

22," instead of the letters and figures, "Section 27," which are set out in the bill of complaint. Whether this discrepancy vitiates the foreclosure we do not now undertake to consider or decide.

We are of opinion, however, that the failure of Jim Walter to plead with exactness in every detail a foreclosure of the mortgage, Exhibit A, does not destroy the sufficiency of the answer to show that Jim Walter does have a mortgage on the land described in Exhibit A. In Exhibit A, the land is shown to be in the "SW ¼ of the NW ¼ of Sec. 27," which is the same forty acres described in the bill of complaint. Exhibit A does connect Jim Walter with the title to a part of the land described in the bill of complaint, and, therefore, the answer is not insufficient to show that Jim Walter has an encumbrance on part of the land described in the bill of complaint.

. Since the answer is not wholly insufficient to show that Jim Walter has a valid claim on part of the land described in the bill, the court erred in rendering a decree for complainant notwithstanding the verdict, and, for that error, the decree is due to be and is reversed.

Complainant's brief, page 15, indicates that Exhibit A, as attached to the original answer, consisted of a photostatic copy of the original mortgage. That may be, but we must decide on the record before us and what we have before us is a typewritten copy of the mortgage which unmistakably recites "Sec. 27" and not "Sec. 22."

Appellant suggests that we render a decree in this cause. In the light of the entire record, we are not persuaded that we should undertake to render a final decree at this time. The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.