216 So.2d 183

### Ex parte JIM WALTER CORPORATION.

**6 Div. 453.**

Supreme Court of Alabama.

Nov. 21, 1968.

---

R. A. Norred, Birmingham, and Capell, Howard, Knabe & Cobbs, Montgomery, for petitioner.

Bill Fite, Hamilton, for respondent.

PER CURIAM.

Petitioner, Jim Walter Corporation, seeks a mandate of this court ordering the Honorable Bob Moore, Jr., Judge of the Circuit Court of Marion County, in Equity, to vacate a final decree, dated February 15, 1967, by which it was decreed that one George W. Green is the owner of SW ¼ of NW ¼ of Section 27, Township 9, Range 14, situated, lying and being in Marion County, Alabama, and that petitioner is the owner of certain described real estate in SW ¼ of NW ¼ of Section 22, Township 9, Range 14, in said Marion County. The petition also seeks other relief.

The genesis of the litigation involving the aforementioned forty of land in Section "27" was a bill of complaint which the said George W. Green filed in the Circuit Court of Marion County to quiet title to said forty (in Section "27") and to require Jim Walter Corporation and Mid-State Homes, Inc., both made parties respondent, to set forth and specify their title, claim, interest or encumbrance, if any, to said land, and how and by what instrument the same is devolved and created. The complaint contains the allegations required by § 1109, Title 7, Code 1940, as Recompiled in 1958. Complainant demanded a trial by jury authorized by § 1112, Title 7, Code 1940, as Recompiled in 1958.

Respondents, within the time allowed by law, filed an answer to the complaint. Mid-State disclaimed any right, title or interest in the forty acres described in the complaint. Jim Walter (we omit "Corporation") denied that complainant, as alleged in the complaint, was the legal or equitable owner of all of the land embraced in said forty of land. It claimed, "subject only to the complainant's statutory right of redemption, a portion of the real estate described in the said Bill of Complaint." The answer further contended that "its title, claim, or interest in such portion of said real estate is derived and created through the instruments consisting of Exhibits A, B, C and D [A is a mortgage, B an assignment to Mid-State Homes, C a reassignment of said mortgage to Jim Walter, and D a mortgage foreclosure deed], which exhibits consist of true and correct copies of the instruments by which said title, claim or interest is derived and created * * *" These exhibits were made a part of the answer.

This court upon due presentation of Jim Walter's petition for an alternative writ and upon a final hearing for a peremptory writ, issued a rule nisi to respondent, Judge Moore, who, in response thereto, filed a return or answer, to which petitioner filed a replication. These pleadings are now submitted to this court for determination.

The return of respondent attaches facsimile copies of complainant's original bill of complaint, answers of respondents, and also facsimile copy of a mortgage executed by complainant Green and his wife; also

facsimile copy of foreclosure deed executed pursuant to power of attorney embraced in the mortgage.

It further appears that issues created by the bill of complaint and the answers of respondents thereto were submitted to a jury which returned a verdict as follows: "We the jury find the issues in favor of defendant, Jim Walter Corporation."

Thereafter, before the final decree here in question was rendered by the trial court, complainant Green filed a motion praying the trial court to grant complainant a new trial therein and/or moves for judgment, and/or decree non obstante veredicto. After a hearing Judge Moore granted the motion and rendered a final decree in Green's favor, notwithstanding the verdict.

Respondent, Jim Walter, within the time prescribed by law, took an appeal to this court from said decree "non obstante veredicto." See Jim Walter Corporation v. Green, 280 Ala. 272, 192 So.2d 724. This court, on December 8, 1966, reversed the decree and remanded the cause "for further proceedings not inconsistent with this opinion." We held the decree invalid. We quote from the opinion as follows:

"We are of opinion and hold that judgment notwithstanding the verdict can be granted on common law grounds only and is required to be based upon substantial insufficiency of the pleading and cannot rest on the insufficiency of the evidence.

"In the instant case, the description of the land in Exhibit C, the foreclosure deed, does contain the letters and figures, 'Sec. 22,' instead of the letters and figures, 'Section 27,' which are set out in the bill of complaint. Whether this discrepancy vitiates the foreclosure we do not now undertake to consider or decide.

"We are of opinion, however, that the failure of Jim Walter to plead with exactness in every detail a foreclosure of the mortgage, Exhibit A, does not destroy the sufficiency of the answer to

show that Jim Walter does have a mortgage on the land described in Exhibit A. In Exhibit A, the land is shown to be in the 'SW ¼ of the NW ¼ of Sec. 27,' which is the same forty acres described in the bill of complaint. Exhibit A does connect Jim Walter with the title to a part of the land described in the bill of complaint, and, therefore, the answer is not insufficient to show that Jim Walter has an encumbrance on part of the land described in the bill of complaint.

"Since the answer is not wholly insufficient to show that Jim Walter has a valid claim on part of the land described in the bill, the court erred in rendering a decree for complainant notwithstanding the verdict, and, for that error, the decree is due to be and is reversed.

"Complainant's brief, page 15, indicates that Exhibit A, as attached to the original answer, consisted of a photostatic copy of the original mortgage. That may be, but we must decide on the record before us and what we have before us is a typewritten copy of the mortgage which unmistakably recites 'Sec. 27' and not 'Sec. 22.'

"Appellant suggests that we render a decree in this cause. In the light of the entire record, we are not persuaded that we should undertake to render a final decree at this time. The cause is remanded for further proceedings not inconsistent with this opinion." (280 Ala. 274–275, 192 So.2d 726–727.)

When this cause was tried pursuant to complainant's demand for a trial by jury, respondent, Jim Walter, introduced into evidence the mortgage from complainant and his wife to respondent, also an assignment of the mortgage to Mid-State Homes, Inc., and the reassignment of the mortgage from such assignee to Jim Walter Corporation. The description of the land embraced in the mortgage was in ink and in the personal handwriting of someone; the description of the land in the as-

signments was typed. The description in the assignments unmistakably places the land or forty in Section 22. The description in the mortgage does not admit of such certainty. The location appearing in the mortgage, whether in Section 22 or Section 27, was a question for the jury.

The complainant claimed in his complaint that he owned the SW ¼ of the NW ¼ of Section 27, Township 9, Range 14, lying in Marion County, in his own right and alleged that the respondents (Jim Walter Corporation and Mid-State Homes, Inc.) were claiming or reputed to claim some right, title or interest in or encumbrance upon such land. The complaint called upon respondents to propound such claim, interest or encumbrance to the lands and by what instrument the same "is derived and created."

As we noted above, Mid-State Homes, Inc., disclaimed any interest, while Jim Walter sufficiently alleged in its answer that it had a mortgage on the forty of land in question, which is the same forty described in the complaint. Jim Walter Corporation v. Green, supra, (2).

Therefore, the pleading and proof presented an issue to the jury to determine whether the description in the mortgage embraced an area of land within the SW ¼ of the NW ¼ of Section 22 or 27, Township 9, Range 14. Complainant's contention was that the mortgage described the land as being in Section 22, while the respondent contended that the instrument described the area as being in Section 27, thus defeating complainant's right to relief under his bill of complaint. The jury decided the issue for Jim Walter.

The trial court, under § 1112, Title 7, Code 1940 as Recompiled in 1958, was bound to render a decree responsive to the jury's verdict in the absence of sufficient reasons to order a new trial. It should have determined by decree that respondent, Jim Walter Corporation, held an encumbrance upon a portion of such forty acres, with description conforming to that appearing in the mortgage. The jury's verdict, as we have already noted, placed the land in Section 27. Therefore, the decree should so recite. The decree before us overrides the jury's verdict.

The trial court should proceed to an orderly determination of the issues now or hereafter framed by the pleadings. Due care should be observed to the end that no rulings are made which are inconsistent with this opinion.

The trial court on remand of this cause shall:

(a) Vacate and set aside the final decree which was rendered on February 15, 1967, copy of which is marked Exhibit C to the petition filed in this court.

(b) Forthwith render a final decree that is responsive to the jury's verdict. The decree shall adjudicate that Jim Walter Corporation holds a mortgage or encumbrance upon the area of land described in Exhibit A to the respondent's answer or return to the petition here under consideration, with due care to designate the area as being in Section 27 and not Section 22, thus responding to the jury's verdict.

(c) Proceed with a hearing and adjudication of said cause on its merits in accordance with pleadings now filed or which may be lawfully filed at a future date in conformity to law.

Let peremptory writ of mandamus issue to effectuate the mandate of this court reflected in Paragraphs (a), (b) and (c), supra.

We issued the alternative writ in this case and have ordered the issuance of the peremptory writ on the theory that the trial court failed to enter a decree in accordance with the effect of our opinion in Jim Walter Corporation v. Green, 280 Ala. 272, 192 So.2d 724.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Cir-

cuit Judge, and adopted by the court as its opinion.

Peremptory writ granted.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.