PER CURIAM.
The petitioner, David Woodard, filed this petition for a writ of mandamus directing Judge Robert Earl Wilters to grant his motion to “redact” a portion of Woodard’s statement this Court has previously held was improperly admitted in Woodard’s first trial.[1] Woodard was convicted of felony murder, and he appealed that conviction to this Court. We reversed Woodard’s conviction and ordered a new trial. Woodard v. State, 846 So.2d 1102 (Ala.Crim.App.2002). We held that the trial court erroneously admitted a portion of Woodard’s statement that referred to a prior criminal act — a killing in North Carolina — for which Woodard had never been charged. The statement, originally made orally, was reduced to a narrative writing by police officers. In preparation for Woodard’s second trial on the same charges, Woodard filed a motion in limine and a motion to “redact” his statement. He requested that the circuit court delete from his prior oral statement to police any reference to the killing in North Carolina. Judge Wilters held a hearing and denied that motion. Woodard then filed this mandamus petition. Woodard’s retrial was scheduled for October 6, 2003; however, we stayed all action in the circuit court pending the resolution of this mandamus petition.
Woodard argues in this mandamus petition that this Court in Woodard stated “emphatically” that the evidence of the prior killing was not probative, that it was highly prejudicial, and that it should not have been admitted into evidence at Woodard’s felony-murder trial. He asserts that the law already pronounced by a higher court supports the granting of his motion to “redact.”[2]
The State argues in its response to this petition that mandamus cannot be used as a substitute for an appeal. It further argues:
“[Ajlthough the State failed to provide sufficient evidence under Rule 404(b) of the Alabama Rules of Evidence at Woodard’s first trial, it should not be foreclosed from presenting such evidence in the retrial. The State may be able to present a fact witness from North Carolina who gives testimony regarding Woodard’s first killing that establishes relevant evidence that makes such evidence admissible as an exception to the exclusionary rule. A granting of Woodards’s motions would preemptively cut off evidence that might be admissible.”
The State cites no caselaw in support of this argument.
*258 To determine the validity of the issue presented in this case we must evaluate the substance of our opinion in Woodard. In Woodard’s first trial, over defense counsel’s objection, the State introduced the following statement Woodard made to a deputy sheriff, “ T killed a nigger one time and I can’t get the face out of my dreams.’ ” 846 So.2d at 1105. The trial court also denied Woodard’s repeated attempts to offer evidence that he had never been indicted or convicted for the killing and that the killing was committed in self-defense. Holding that the trial court erred in allowing this evidence to be admitted, we stated:
“The prior killing was not relevant to, or probative of, any issue in the case; it was completely collateral to the crime with which Woodard was charged. Therefore, we agree with Woodard that the portion of his statement referring to the North Carolina killing was inadmissible character evidence under Rule 404(b)[, Ala.R.Evid.].
[[Image here]]
“Furthermore, the statement itself was highly inflammatory and prejudicial. The jury was permitted to hear that Woodard had admitted to killing a man previously, but was not informed that Woodard had said the prior killing was in self-defense or that Woodard had never been indicted for the killing. This suggested to the jury that the prior killing was not merely a collateral ‘bad act,’ but was, in fact, a prior-crime.”
846 So.2d at 1108-09.
The question presented here is whether our holding in Woodard constitutes the “law of the case” and bars, in Woodard’s second trial, the introduction of evidence we held in Woodard, supra, was inadmissible.
In 1912, Justice Holmes in Messinger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912), first cited the “law of the case” doctrine. This doctrine, he wrote, “merely expresses the practice of courts generally to refuse to reopen what has been decided.” Id. at 444, 32 S.Ct. 739. We have also recognized this doctrine. In State v. Whirley, 530 So.2d 861 (Ala.Crim.App.1987), we stated:
“[T]he term ‘ “law of the case” ... designates the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case.’ 5 Am.Jur.2d Appeal and Error § 744 (1962).”
“ ‘[I]t is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court.” O’Shea v. Mignone, 50 Conn.App. 577, 590, 719 A.2d 1176, 1183 (1998), cert. denied, 247 Conn. 941, 723 A.2d 319 (1998), quoting Dacey v. Connecticut Bar Ass’n, 184 Conn. 21, 23, 441 A.2d 49, 50 (1981). As the Florida Supreme Court so aptly stated in State v. Owen, 696 So.2d 715 (Fla.1997):
“Generally, under the doctrine of the law of the case, ‘all questions of law which have been decided by the highest appellate court become the law of the case which must be followed in subsequent proceedings, both in the lower and appellate courts.’ Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550, 552 (Fla.1984). However, the doctrine is not an absolute mandate, but rather a self-imposed restraint that courts abide by to promote finality and efficiency in the judicial process and prevent relitigation of the same issue in a case.”
696 So.2d at 720.
In Hull v. State, 607 So.2d 369 (Ala.Crim.App.1992), this Court considered *259 whether identification evidence we had held was erroneously admitted at Hull’s first trial was admissible at Hull’s retrial. Finding that the State had one opportunity to meet its burden of proving that the identification was independently reliable and that the State failed to meet that burden, we held that the Double Jeopardy Clause barred the State from offering the identification evidence at the retrial. Quoting extensively from the Supreme Court’s opinion in Ex parte Hergott, 588 So.2d 911 (Ala.1991), we stated:
“The most significant portion of Ex parte Hergott, however, is the ‘decision regarding] how to dispose of the case.’ 588 So.2d at 915. Citing Rule 11(A)(2), Fed.R.Crim.P. (authorizing a conditional guilty plea reserving the right to appeal any adverse determination of any specified pretrial motion), for the proposition that Hergott would be allowed to withdraw his guilty plea, and Lockhart v. Nelson, [488 U.S. 33 (1988)], for the proposition that the State would be entitled to retry Hergott, our Supreme Court held that the State would not be allowed to use the fruits of the warrant-less search against Hergott upon retrial:
“ ‘[T]he State failed to produce sufficient evidence in opposition to the motion to suppress to overcome the presumption of unreasonableness that attached to the warrantless search of Hergott’s property. Therefore, the fruits of the search should not have been admitted. Hergott is allowed to withdraw his guilty plea and the State may proceed to trial. However, the evidence seized incident to the war-rantless search of his property may not be used against him, because the State, when presented with the opportunity to establish its case against him, failed to do so, and under the Double Jeopardy Clause, the State does not get a second change.’
“Ex parte Hergott, 588 So.2d at 916 (emphasis added [in Hull]). Compare Reimnitz v. State’s Attorney of Cook County, 761 F.2d 405, 411 (7th Cir.1985) (wherein the court assumed that an appellate court determination of a suppression issue has double jeopardy implications on retrial); United States v. McKim, 509 F.2d 769, 775-76 (5th Cir.1975) (government estopped from asserting, in trial of accused for escape from jail in which he was incarcerated following arrest for possession of marijuana, that arrest was lawful, where lawfulness of arrest had already been litigated between same parties and decided in accused’s favor on direct appeal of marijuana conviction); State v. Therrien, 110 N.M. 261, 265, 794 P.2d 735, 739 (App.1990) (wherein the court assumed that, on retrial after reversal for insufficient search warrant affidavit, fruits of search were inadmissible); State v. Henderson, 109 N.M. 655, 664, 789 P.2d 603, 612 (1990)(when State failed to establish proof of statutory aggravating circumstance, double jeopardy clause barred State from ‘attempting to prove on remand that independent facts exist which support’ the aggravating circumstance); State v. Post, 109 N.M. at 181—82, 783 P.2d at 491-92 (when conviction reversed for admission of confession in violation of Edwards v. Arizona, [451 U.S. 477 (1981),] confession was inadmissible on retrial and prosecution must introduce other evidence of guilt. ‘Whether the state can replace [the confession] with other evidence is not to be decided on this appeal’).
“We find ho discernible difference between the present case and Ex parte Hergott. In both cases, the State had a well-established burden of proof with re *260 gard to the admissibility of certain evidence necessary to establish its case. In both cases the State failed to meet that burden of proof. Because Ms. Ryan’s in-court identification was not shown to be independently reliable at the first trial, it should have been suppressed. Under the holding in Ex parte Hergott, the State should not have been given a ‘second chance’ to muster the necessary proof, and Ryan’s identification testimony should not have been admitted at the second trial.”
607 So.2d at 376-77 (footnote omitted).[3]
• The Alabama Supreme Court’s holding in Lindley v. State, 728 So.2d 1153 (Ala.1998), also supports excluding this evidence. Citing with approval the holdings in Hergott and Hull, the Alabama Supreme Court stated, “On remand, the State cannot premise a second prosecution of Lindley on the same evidence that on this appeal has been held inadmissible (Scott’s prior inconsistent statement), but must offer additional evidence of guilt.” 728 So.2d at 1159.
Here, the burden was on the State in Woodard’s first trial to prove that the prior collateral criminal act fell within any recognized exception to the general exclusionary rule. See Rule 404(a), Ala.R.Evid. The State failed to meet that burden, and, according to established caselaw, the State does not have a second opportunity to relitigate this issue.
The issue here is governed by the law-of-the-case doctrine. The lower court is bound to comply with the dictates of our holding in Woodard. We agree with the eloquent words of the Superior Court of Pennsylvania:
“ ‘A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal.... Under any other rule, litigation would never cease, and finality and respect for orderly process of law would be overcome by chaos and contempt.’ ”
Hutchison v. Luddy, 763 A.2d 826, 835 (Pa.Super.2000), appeal denied, 567 Pa. 743, 788 A.2d 377 (2001) (quoting Haefele v. Davis, 380 Pa. 94, 98, 110 A.2d 233, 235 (1955)).
Moreover, mandamus is the proper means by which to consider whether a lower court has complied with a higher court directive. As the Alabama Supreme Court stated in Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988):
“We have repeatedly held that mandamus is not a substitute for appeal. Ross v. Luton, 456 So.2d 249 (Ala.1984). We have also held, however, that a petition to this Court for a writ of mandamus constitutes a proper method for reviewing the question of whether a trial judge, after remand, has complied with our mandate. Town of Daphne v. City of Fairhope, 284 Ala. 556, 226 So.2d 383 (1969); Ex parte Utility Service Corp. of Huntsville, 435 So.2d 1259 (Ala.1983). In fact, this Court, on at least two occasions, has granted writs of mandamus to compel a trial judge to enter an order in conformity with a prior decision of this Court. Ex parte Utility Service Corp. of Huntsville; Ex parte Jim Walter Corp., 283 Ala. 295, 216 So.2d 183 (1968). In granting the writ, this court, in Ex parte Utility Service Corp. of Huntsville, stated:
*261 “ ‘When this Court has been presented with a petition for writ of mandamus when the trial court has refused to enter an order consistent with a prior order of this court, this court has granted the writ....’
“435 So.2d at 1260.
“In the case at hand, because the petition for a writ of mandamus requires us to determine whether Judge Pearson has complied with the mandate of our prior decision, mandamus is a proper remedy.”
523 So.2d at 1068-69.
This petition is due to be, and is hereby, granted. The trial court is directed to delete that portion of Woodard’s statement that refers to his participation in a prior killing in North Carolina as to which no indictment issued.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB and WISE, JJ., concur.
SHAW, J., dissents, with opinion, which BASCHAB, J„ joins.

. Woodard styled his motion in the circuit court as a motion to redact; however, Woodard made no written statement. Woodard gave an oral statement to the police, which was later reduced to a narrative by police officers, and Woodard seeks to delete the portion of that statement that referenced a prior killing in North Carolina.

. It appears that Woodard filed two motions on the same day in the circuit court. One was styled a motion in limine and the other was styled a motion to redact. Both motions addressed the issue that is presented in this petition.

. Cf. Callahan v. State, 767 So.2d 380 (Ala.Crim.App.1999), cert. denied, 767 So.2d 405 (Ala.2000) ("law of the case” doctrine does not apply to predicate for admittance of confession as the predicate is based on questions of fact); Hull v. State, supra, n. 5 (the law-of-the-case doctrine applies only to legal questions and not factual questions).