Rel: November 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

———————————————

### CR-2022-1342

———————————————

**Corey Lee Walton**

**v.**

**State of Alabama**

**Appeal from Tuscaloosa Circuit Court
(CC-22-30)**

After Remand from the Alabama Supreme Court

ANDERSON, Judge.

Corey Lee Walton appealed the Tuscaloosa Circuit Court's judgment convicting him of reckless murder and sentencing him to 20 years' imprisonment. This Court affirmed the judgment of the circuit court in an unpublished memorandum. Walton v. State (No. CR-2022-

1342, Aug. 23, 2024), ___ So. 3d ___ (Ala. Crim. App. 2024) (table). The Alabama Supreme Court granted Walton's petition for a writ of certiorari, concluded that the circuit court had "acted outside its discretion by admitting evidence of Walton's prior crimes," reversed this Court's judgment, and remanded the case "for further proceedings consistent" with its opinion. Ex parte Walton, [Ms. SC-2024-0862, Aug. 29, 2025] ___ So. 3d ___, ___ (Ala. 2025).

Part of the Alabama Supreme Court's decision included its holding that evidence of Walton's youthful-offender adjudications "was unnecessary" and that "the introduction of the details of those prior crimes by the State served only to prejudice the jury because there was no fact that needed bolstering by this supporting information." Ex parte Walton, ___ So. 3d at ___ (emphasis added). In this Court's view, that aspect of the Alabama Supreme Court's decision forecloses any argument on remand that the circuit court's error in admitting this evidence was harmless or without injury to Walton's substantial rights.

Rule 45, Ala. R. App. P., applies in proceedings before the Alabama Supreme Court. Thus, that court's decision necessarily included the determination that the circuit court's error had "probably injuriously

2

affected [Walton's] substantial rights." Id. Under the law-of-the-case doctrine, "'"the legal questions … determined by the appellate court will not be differently determined on a subsequent appeal in the same case."'" Ex parte Woodard, 883 So. 2d 256, 258 (Ala. Crim. App. 2003) (quoting State v. Whirley, 530 So. 2d 861, 863 (Ala. Crim. App. 1987), quoting in turn 5 Am. Jur. 2d Appeal and Error § 744 (1962)). Because the Alabama Supreme Court's resolution of the legal question governing the admissibility of evidence of Walton's youthful-offender adjudications necessarily included the determination that the circuit court's error affected Walton's substantial rights, harmless-error analysis could not be applied by this Court without offending the law-of-the-case doctrine.

Consequently, the judgment of the circuit court is reversed, and this case is remanded to the circuit court for further proceedings.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.