EDWARD N. SCRUGGS, Retired Circuit Judge.
This present controversy concerns an appeal supersedeas bond as to alimony in gross, where the appeal was previously affirmed.
To provide consistency in the description or designation of the parties in each of their appeals, we shall again refer to Mr. Hughes as the husband and to Mrs. Hughes as the wife although their marriage has ceased.
These parties have been in litigation almost continuously since December, 1974, when the wife filed her divorce complaint. *74 On April 27, 1977, the trial court overruled the husband’s motion for a new trial, withdrew its original divorce judgment of October 6, 1976, and rendered a second judgment, which, among other matters contained the following award of alimony in gross to the wife:
That as an award to the plaintiff wife of alimony in gross payable in installments based on the value of the plaintiff’s inchoate rights in her husband’s estate, the sum of $100,000 is fixed and awarded to the plaintiff from the defendant. The sum is payable in yearly payments of $10,000 until paid, with each annual payment made by defendant before the fifteenth day of February of each year, or in equal monthly payments of $833.33 for ten years beginning immediately.
The husband gave notice of appeal and sought a stay of portions of the judgment and a supersedeas bond. After an eviden-tiary hearing, the trial court on August 10, 1977, ordered that the final judgment be stayed pending the appeal conditioned upon the husband executing a supersedeas bond in the amount of $15,000. By that same order, the wife was awarded as pendente Hte alimony the sum of $500 per month pending the appeal, and the judgment expressly provided, “That all sums paid pending appeal shall not be a credit toward any sums fixed as alimony or support in the final judgment appealed.” The husband duly filed his supersedeas bond. This court affirmed the amended divorce judgment and overruled his application for a rehearing. Hughes v. Hughes, Ala.Civ.App., 362 So.2d 910 (1978). The Supreme Court of Alabama quashed its writ of certiorari to this court as being improvidently granted. Ex parte Hughes, Ala., 362 So.2d 918 (1978). The husband then appealed to the Supreme Court of the United States, who remanded the case for further constitutional considerations. Hughes v. Hughes, 441 U.S. 901, 99 S.Ct. 1986, 60 L.Ed.2d 370 (1979). The Supreme Court of Alabama remanded the case to this court. Ex parte Hughes, Ala., 372 So.2d 845 (1979). In 1979 in Hughes v. Hughes, Ala.Civ.App., 372 So.2d 845, this court constitutionally affirmed the validity of said alimony in gross award to the wife. The husband once more sought certiorari and the writ was denied. Ex parte Hughes, Ala., 372 So.2d 846 (1979). For the second time, he appealed to the Supreme Court of the United States, which appeal was dismissed on February 19, 1980. Hughes v. Hughes, 444 U.S. 1061, 100 S.Ct. 1001, 62 L.Ed.2d 744 (1980). The final certificate of affirmance was issued by the clerk of this court on May 22, 1980, before which time a disagreement of the parties had already surfaced as to what was owed by the husband to the wife.
Proceedings were had in the circuit court regarding the ten percent affirmance penalty and interest; whether the husband was entitled to a credit upon the alimony in gross for payments of pendente lite alimony while the case was on appeal; the amount, if any, then due to be paid in a lump sum as having accrued as alimony in gross payments which were superseded; the time alimony in gross payments were due to commence; whether a lien upon his General Motors stock to secure the payment of alimony should be eliminated and other matters not now in issue. From a decision of the trial court, the husband appealed and the wife has cross-appealed. Since the issues in each are so entwined and interrelated we shall consider the appeal and cross-appeal jointly.
ACCRUED ALIMONY IN GROSS
The trial court’s judgment as entered on April 27,1977, was finally certified as being affirmed on May 22, 1980. As of May 22, 1980, the wife became entitled to the fruits of the judgment dated April 22, 1977, relative to accrued alimony in gross during that interim of time. It amounted to $30,000, with $10,000 being due on February 15 of each of the years 1978, 1979 and 1980.
To hold that the judgment, when affirmed, did not require any payments to commence upon the alimony in gross until the date of the certificate of affirmance would totally ignore the purpose of the *75 supersedeas bond which was executed by the husband. Such a decision would be equivalent to holding that, while the bond stayed execution upon the installments as they fall due, nothing accrued on the judgment, neither alimony installments, penalty nor interest, since the installments under such a contention would not commence until after the case had been affirmed on appeal. If the husband’s contention in that regard were accepted, no workmen’s compensation would accumulate during an appeal where the employer superseded the payment thereof. As another example of the results so argued, no monthly mortgage payments would accumulate pending an appeal where supersedeas was filed in a case where the validity of the mortgage was upheld by the trial and appellate courts. We deem the law to be contra to the husband’s contentions.
Section 12-22-75 of the Code of Alabama of 1975 is dispositive of that issue, wherein it is stated:
When an appeal shall be prosecuted from a judgment to the appropriate appellate court and such appeal is dismissed or the judgment is affirmed, upon a certificate of judgment of the appellate court being filed in the office of the clerk of the court from which the case was originally appealed, execution may issue and other proceedings be had thereon in all respects as if no appeal had been prosecuted.
Under that statute, the judgment of April 22, 1977, may now be enforced in all respects as if none of the husband’s many appeals had been perfected. A supersedeas bond does not alter or affect the terms of a judgment in any way, but it merely stays execution on that judgment. Thus, the three yearly installments totaling $30,000 are due and payable.
CREDIT ON ALIMONY IN GROSS FOR TEMPORARY ALIMONY PAID PENDING THE APPEALS
We now turn to the issue of whether the husband should receive a credit upon the accrued alimony for temporary alimony payments to the wife under the trial court’s judgment of August 10, 1977.
A trial court has authority to grant temporary alimony pending an appeal. Segare v. Segare, Ala.Civ.App., 333 So.2d 155 (1976). Segare was also a case where only alimony in gross was awarded and the husband was ordered to pay temporary alimony pending the appeal.
Here, the alimony pending the appeal was set by the trial court at $500 per month, and, admittedly, it was paid until March, 1980, when the permanent monthly payments of $833 per month upon the alimony in gross were commenced. As previously indicated, the trial court’s order expressly prohibited a credit upon alimony in gross for any of the temporary alimony payments. That portion of the order was not discussed in, and was not disturbed by, any of the opinions of any court in any of the multiple appeals of this case.
While no Alabama decision is in point, most cases in other states provide that a credit upon permanent alimony should be allowed for such temporary alimony payments pending an appeal if the case is affirmed as to alimony. 86 A.L.R.2d 696. However, we are barred from deciding whether that majority rule is the rule in this state because, in argument before the trial court at the hearing therein concerning this question, learned, diligent and earnest counsel for the husband expressly stated that they were not seeking a credit upon permanent alimony for such amounts paid as pendente lite alimony. That constituted a waiver of such credit. Accordingly, the matter of the credit was not mentioned in any judgment or order of the circuit court. While the husband, by amendment to his motion for a new trial, did request allowance of those credits, that issue in controversy had been effectively waived at the trial. Considering the circumstances of this case in the greatest light favorable to the husband, at most, the overruling of his motion for a new trial on that ground rested within the sound discretion of the trial court and its ruling is presumed to be cor *76 rect subject to the palpable abuse rule. Hill v. Cherry, Ala., 379 So.2d 590 (1980). The husband cannot place the trial court in error for overruling his motion for a new trial when, at the trial itself, it was clearly stated to that court that a credit for the temporary alimony paid by him was not being sought.
PENALTY AND INTEREST
To said accumulated alimony in gross of $30,000 will be added the ten percent penalty ($3,000) imposed by section 12-22-72 of the Code of Alabama of 1975. Hughes v. Hughes, Ala.Civ.App., 362 So.2d 910, 917 (1978). In a workmen’s compensation case where a supersedeas bond was filed by the employer it was held that “The 10% damages have been assessed against the defendant-petitioner and the surety on all payments which have accrued up to the time of affirmance.” (Emphasis supplied.) Goodyear Tire & Rubber Co. v. Downey, 266 Ala. 344, 351, 96 So.2d 278, 285 (1957).
Additionally, simple interest to the date that payment occurs will be computed at the rate of six percent per year on $10,000 from February 15, 1978, on $10,000 from February 15, 1979, and on $10,000 from February 15,1980. § 8-8-1 and 10, Code of Ala. of 1975.
The total of those three items, the $30,000 accumulated alimony in gross, the $3,000 as the 10% penalty and such interest would constitute the amount due under the present issues. The husband, of course, is further required to make the remaining sums, totaling $70,000, due after February 15, 1980, either monthly or annually as required by the judgment of the circuit court of April 22, 1977.
LIENS AND GENERAL MOTORS AS A PARTY
The husband further contends that the liens should be removed, which liens were imposed upon certain of his assets by virtue of the trial court’s judgment of April 27, 1977, and that General Motors should be dismissed as a party. The circuit court denied that latest request. Parts of this issue were expressly raised, discussed and decided adversely to him in his first appeal to this court. Hughes v. Hughes, Ala.Civ. App., 362 So.2d 910 (1978). Nevertheless, we do not find an abuse of discretion in failing to remove such liens, for, if they were initially needed, such necessity is still existent since none of the $100,000 alimony in gross awarded to the wife in 1977 had been paid to her by the husband as of March 1, 1980.
CONCLUSION
The judgment of the trial court is reversed and this case is remanded to the circuit court where a judgment shall be there rendered consistent herewith. The husband is taxed with the costs of his appeal and also with the costs of the cross-appeal of the wife.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.