BRADLEY, Judge.
The instant appeal marks the fourth time that the parties to this divorce action have been before this court. For this reason we limit our narration of the facts to those which are dispositive of the issue before us. Readers who desire greater detail are referred to our opinions in Hughes v. Hughes, 401 So.2d 73 (Ala.Civ.App.), cert. denied, 401 So.2d 76 (Ala.1981); Hughes v. Hughes, 372 So.2d 845 (Ala.Civ.App.), cert. denied, 372 So.2d 846 (Ala.1979); and Hughes v. Hughes, 362 So.2d 910 (Ala.Civ.App.), cert. denied, 362 So.2d 918 (Ala.1978).
Raymond Hughes and Madge J. Hughes were divorced by a decree of the Coffee County Circuit Court on October 6, 1976. The decree, among other things, required the husband to pay $100,000 alimony in gross in annual or monthly installments over a ten-year period. The wife and minor child were awarded possession of the couple's home. Thereafter, in a supplemental decree, the court ordered that the home be sold by public or private means when the child reached the age of majority with the proceeds being divided two-thirds to the husband and one-third to the wife. This decision was affirmed in Hughes v. Hughes, 362 So.2d 910 (Ala.Civ.App.), cert. denied, 362 So.2d 918 (Ala.1978). A subsequent appeal followed to this court on issues connected with the operation of alimony in gross during the pendency of the previous appeal and as to whether the husband was entitled to a credit for amounts paid as alimony pendente lite against any sums due. In Hughes v. Hughes, 401 So.2d 73 (Ala.Civ.App.), cert. denied, 401 So.2d 76 (Ala.1981), we found that the husband’s su-persedeas bond did not affect the operation of the judgment as to alimony in gross since it was later affirmed and that he had waived any arguments on the issue of a possible credit. A penalty of $3,000 was imposed, and the case was remanded.
On August 20, 1981 the husband filed a petition for instructions and other relief in which he claimed that the wife had failed to vacate the former homeplace and that it had not been sold after their son reached the age of majority in accordance with the trial court’s order. Hughes requested that the home be conveyed to his former wife and that he be given a credit against alimony in gross or that it be sold at public auction. He also requested that his former wife be made to pay the fair market value of the rental of the home during the period of her occupancy. By her answer, dated March 8, 1982, Mrs. Hughes asserted that the house had been offered for private sale. She also filed a counterclaim for rule nisi, seeking a finding that her former husband was in contempt in connection with his alimony in gross payments. The court, in an order issued on June 24, 1982, found that Hughes owed $30,000 alimony in gross payments for the period in which his appeal had been pending. A $3,000 penalty was attached. It was also found that he was $8,000 in arrears in such payments. The trial court ordered a judicial sale of the house and denied Hughes any credit against alimony in gross for the time of his former wife’s occupancy. The former husband has appealed to this court from those aspects of the trial court's order which deal with the refusal of the credit to him.
The gist of Hughes’s appeal centers on the trial court’s refusal to grant him a credit against alimony in gross for the period of time that his former wife occupied the home after their son reached the age of nineteen. In so deciding, he claims, the trial court abused its discretion, and he further asserts that the court erred to reversal in refusing to award him a credit of $20,000 to reflect the value of his two-thirds’ interest in the house during the time his former wife occupied it from 1978 through 1982. He claims that this credit should be used to reduce amounts due to his former wife as alimony in gross. In response to her former husband’s claims, Mrs. Hughes asserts that he has not been deprived of the value of his equity in the house. She claims that he could have insisted that it be sold at auction at any time after their son reached the age of majority. She finally contends that this issue has been waived because it was not raised until he filed his petition for instructions and other relief.
*1079 Mrs. Hughes has filed a motion in which she seeks dismissal of her former husband’s appeal on three grounds. First, she argues that the trial court’s order of June 24, 1982 was not a judgment from which an appeal can be taken because it was issued in accordance with orders from this court. Second, she argues that security for costs was filed late. Third, she contends that the designated reporter’s transcript and certificate of completion and corrections were not timely filed by the court reporter.
We find no merit to Mrs. Hughes’s contention that the trial court’s order of June 24, 1982 will not support an appeal because it was entered under our orders in Hughes v. Hughes, 401 So.2d 73 (Ala.Civ. App.), cert. denied, 401 So.2d 76 (Ala.1981). When the case was remanded, the trial court entered an order concerning alimony in gross payments in conformity with our opinion. However, it also issued a further order on the sale of the couple’s former homeplace. When a case is remanded without directions, the trial court is free to conduct further hearings on the matters before it where justice and equity dictate. Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974). The instant appeal was taken, not from that portion of the trial court’s June 24, 1982 order which dealt with alimony in gross payments during the pendency of the former appeal, but rather from that part of the order which related to the sale of the couple’s former homeplace. Since this appeal deals with new issues, properly raised by a petition from the husband, it is correctly before us.
We must also reject Mrs. Hughes’s motion for dismissal on the basis of late filing of the supersedeas bond and the reporter’s certificate of completion and correctness. The comments to rule 2, Alabama Rules of Appellate Procedure, state: “[i]t is intended that deficiencies relating to such things as the size of paper, service of notices on opposing parties, certifications and the like are not sufficient grounds for dismissal of an appeal.” Furthermore, the reporter’s transcript was not late. For these reasons we deny Mrs. Hughes’s motion and consider the appeal on its merits.
The basis of the husband’s appeal is that the trial court erred to reversal in refusing to allow him a credit against amounts due as alimony in gross for his former wife’s occupancy of the home from 1978 through 1982. In his briefs Hughes argues that the trial court should have adjusted the equities of both parties in the home while they were before it. It is his position that, throughout the period in question, by his payment of mortgage, upkeep, and tax expenses on the property, he has conferred a benefit on his former wife which she was not entitled to receive, and it is now her duty to make restitution. Opelika Production Credit Association, Inc. v. Lamb, 361 So.2d 95 (Ala.1978). Hughes argues that the trial court’s refusal to recognize a $20,000 credit in his behalf was inequitable. In his petition for instructions and other relief and in his appeal before this court, the husband has asked for a modification of the prior divorce decree through the mechanism of a credit or offset. Since the amounts due to his former wife are in the form of alimony in gross, the trial court was correct in refusing the requested credit, and its decision must be upheld. It is axiomatic under Alabama law that an award of alimony in gross may not be modified on a showing of changed circumstances. Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert. denied, 384 So.2d 1100 (Ala.1980).
In issuing its June 24, 1982 order which required that the home be sold at public auction, the trial court was acting in such a manner as to require enforcement of its earlier order. Similarly, in refusing the former husband a credit for the period of Mrs. Hughes’s occupancy of the home, the trial court correctly refused to modify a previous award of alimony in gross. See Hartsfield v. Hartsfield, supra. Testimony indicated that the couple’s former home-place had been listed with area realtors. The record also indicates that one conditional offer was made on the property at the appraised price of $107,000 but that Hughes *1080 was dissatisfied with this offer. Moreover, there is no evidence to indicate that Mrs. Hughes attempted to hinder or delay the process of sale. As she points out in brief, her former husband was free at any time during the period of years between 1978 through 1982 to insist that the sale be expedited through public auction. During that period, however, he tacitly acquiesced in attempts to sell the house privately. Thus, the trial court acted properly in refusing to allow him a credit to reflect the period of occupancy by the former wife.
For the foregoing reasons the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.