SHORES, Justice.
On October 2, 1987, this Court announced its decision in Clark v. Floyd, 514 So.2d 1309 (Ala.1987), in which a judgment entered on a jury verdict in favor of the plaintiff, Kenneth Floyd, was reversed and the cause remanded. On remand, the trial court granted the plaintiffs motion for new trial as to defendant Coby Clark, but entered judgments in favor of all other defendants.[1]
In Clark v. Floyd, supra, we reviewed the evidence as it related to each defendant, and we concluded that the trial court should have granted each defendant’s motion for directed verdict, and, failing to do so, should have granted each a J.N.O.V.
The appropriate standard' of review has been stated as follows:
“[Ojther than objections to admissibility, evidentiary challenges are divided into two separate and distinct categories: 1) sufficiency of the evidence, raised by motions for directed verdict and for J.N.O. V. and measured by [an objective standard]; and 2) weight and preponderance of the evidence, raised by motion for new trial and measured by the more subjective ‘palpably wrong, manifestly unjust’ standard.” Ex parte Alabama Power Co., 431 So.2d 151, 153 (Ala.1983) (quoting from Casey v. Jones, 410 So.2d 5, 8 (Ala.1981).
“[W]hen a case is reversed upon the ground of insufficiency of the evidence to sustain the verdict, that decision constitutes a final adjudication, and cannot be relitigated in the court below.” Ex parte Army Aviation Ctr. Fed. Cred. Union, 477 So.2d 379 (Ala.1985), citing Garmon v. King Coal Co., 409 So.2d 776 (Ala.1981). Because the evidence was insufficient to support the verdict, we held that the trial court erred in denying the defendants’ motions for directed verdicts. Therefore, that decision constituted a final adjudication and barred any further litigation of those issues.
Accordingly, the trial court erroneously granted the plaintiff’s motion for new trial against Coby Clark, but properly entered a judgment in favor of the remaining defendants.
87-168, WRIT GRANTED.
87-227, WRIT DENIED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

. Case No. 87-168 Involves Coby Clark’s petition asking us to order the trial court to set aside its grant of a new trial in his case. Case No. 87-227 involves Kenneth Floyd’s petition asking that we order the trial court to set aside its denial of a new trial as to all other defendants.