Insurance Company of North America petitions this court for a writ of mandamus *Page 1065 
to order the Honorable J. Richmond Pearson, as Circuit Judge of Clarke County, to enter an order consistent with our opinion inInsurance Co. of North America v. Citizensbank ofThomasville, 491 So.2d 880 (Ala. 1986). We grant the writ. The petitioner has, alternatively, filed an appeal attempting to raise the same issues; because we grant the writ, we consider the appeal moot.
The relevant facts of this case begin in 1975 when Insurance Company of North America (INA) issued a banker's blanket bond to Citizensbank. The bond insured Citizensbank from dishonest and fraudulent acts committed by its employees with the manifest intent to cause the bank a loss. In 1979, Citizensbank submitted nine proof of loss forms to INA, claiming losses due to dishonest and fraudulent acts of a former president. The losses sustained by Citizensbank stemmed from several fraudulent loans and from embezzlement of insurance commissions. In 1981 Citizensbank filed a complaint against INA, asking $606,000 on a contract claim and $2,000,000 on a bad faith claim. At trial, Citizensbank adduced evidence proving only a portion of the contract claim losses. In 1984, the jury returned a verdict in favor of Citizensbank for $290,431.77 on the contract claim and for $866,930.01 on the bad faith claim. The trial judge denied INA's motion for JNOV or, in the alternative, for a new trial, and entered judgment on the verdict. INA paid the amount awarded for breach of contract, but appealed from the bad faith portion of the judgment and from the denial of its motion for JNOV or new trial.
The issue presented on appeal was whether Citizensbank had adduced sufficient evidence to support a jury verdict finding that INA had refused an insurance claim in bad faith. This court, after reviewing the law of bad faith refusal to pay an insurance claim, ruled that "in order for the plaintiff to recover on a bad faith claim, the plaintiff must show that if the contract claim had been tried on the date of denial, the plaintiff would have been entitled to a directed verdict."491 So.2d at 883. We determined that, on the date of the constructive denial, INA had a "debatable reason" for disputing the validity of Citizensbank's claims. For instance, we pointed out that the difference between the amounts claimed as losses on the proof of loss forms and the evidence at trial supported INA's argument that it had "good reason to question the validity of the claims." Id. at 884. We also stated that INA's uncertainty at the time of constructive denial as to whether the former president's actions in making the bad loans constituted "fraudulent and dishonest" conduct within the meaning of the insurance contract created a genuine fact question.
In view of the genuine dispute over the validity of Citizensbank's claim, we held that Citizensbank was not entitled to a directed verdict on the contract claim, and, then, concluded that the trial judge erred in submitting the bad faith count to the jury and that the defendant's motion for a directed verdict on this count should have been granted. Our holding read as follows:
 "For the foregoing reasons, we conclude that the trial judge erred in submitting the bad faith count to the jury, and the defendant's motion for a directed verdict on this count should have been granted. We, therefore, reverse and remand.
"REVERSED AND REMANDED."
491 So.2d at 885.
In reaching that decision, we also held that, because the facts presented at trial did not warrant a conclusion that the plaintiff submitted several individual claims, one single set of claims served as the basis upon which this Court decided the bad faith issue. Pertinent parts of our opinion state as follows:
 "We have carefully examined the lengthy record in order to determine if the claims could be separated into categories by this Court. We were unable to find any indication that a separation of claims occurred at any point in the development of this case."
491 So.2d at 884.
 "We believe that this Court should decide this case in the posture in which it *Page 1066 
was presented to us. The parties did not try this lawsuit on the basis of categories of claims, and this Court will not completely revise the posture of this case on appeal. If the record in this case revealed that the claims arose from separate causes which were discovered at separate times, and that the claims had been filed separately and then pleaded separately, then this Court might have found a bad faith failure to pay as to individual claims. However, these are not the facts of the present case. Therefore, we have considered the issue of bad faith as it applies to one single set of claims and not to each individual claim."
491 So.2d at 885.
Our decision in Citizensbank was released on April 25, 1986. On May 7, 1986, INA filed a motion asking the trial court to enter an order consistent with our opinion. On June 16, 1986, the plaintiff filed a motion to amend its complaint, an amended complaint, and a motion for a directed verdict on the amended complaint. On June 19, 1986, the plaintiff filed a motion to redesignate exhibits. On June 23, 1986, INA filed a motion to strike the amendment, and on June 25, 1987, filed an objection to the motion to redesignate exhibits. On August 4, 1987, Judge Pearson entered an order granting Citizensbank's "Motion for Leave to Amend the Complaint" and "Motion to Redesignate Exhibits" and denying Citizensbank's motion for directed verdict. Judge Pearson also granted a judgment on August 4, 1987, for Citizensbank and against INA for $866,930.01. Judge Pearson's order states:
 "This matter having been remanded without directions by the Supreme Court of Alabama, Insurance Company of North America v. Citizensbank of Thomasville, 491 So.2d 880
(Ala. 1986), and this matter having come before the Court on Plaintiff's Motion for Leave to Amend Complaint, Motion to Redesignate Exhibits, and Motion for Directed Verdict, filed subsequent to the remand of this case to this Court; and the Court deeming it appropriate, not having received directions, and in the exercise of sound judicial discretion, justice, and equity, to consider said motions; and the Court having carefully considered the opinion of the Supreme Court of Alabama in Insurance Company of North America v. Citizensbank of Thomasville, 491 So.2d 880
(Ala. 1986), and having further considered the trial of this case, the record of this case, the oral argument and briefs of parties with respect to the above described motions, and the Court having considered the equities of this case, the Court has determined that the Plaintiff's Motion for Leave to Amend the Complaint and Motion to Redesignate Exhibits are due to be granted, and the Plaintiff's Motion for Directed Verdict is due to be denied, for the following reasons:
 "1. The thrust of the Supreme Court's opinion in the above cited case was that only one claim was presented by plaintiff which was indivisible for the purposes of determining INA's liability for bad faith.
 "2. The basis on which this case was conducted and tried by Plaintiff and Defendant was that each loan constituted a separate claim under the INA banker's blanket bonds. At no time was it contended by Defendant that they were not separate claims, although Defendant did causally remark in arguing its Motion for Directed Verdict that all of the loans constituted one claim. At no time was the Court or the jury presented with the argument that the multiple claims were one claim. The issue was not before the Court.
 "3. This Court instructed the jury that it needed to find separately on each individual claim made by Plaintiff under the proofs of loss.
 "4. Plaintiff's claims under the INA bonds were discovered separately and constituted separate items on the proof of loss filings. The evidence presented by both Plaintiff and Defendant at trial detailed each alleged loss separately and severally since they were filed as separate claims by Plaintiff, and each claim was based upon a distinct factual basis for recovery. *Page 1067 
 "5. Plaintiff was entitled to a directed verdict on certain of its claims under the INA bonds, specifically those claims based on Tom Branch's embezzlement of life insurance commissions and Branch's personal loan to himself in violation of state law, although Plaintiff did not request a directed verdict on these specific claims. This Court lacks jurisdiction now to consider a directed verdict on the contract claims, and the Motion for Directed Verdict is due to be denied.
 "6. Based upon the entire record in this case — the discovery, the trial, the Court's instructions to the jury — the only thing Plaintiff could have done differently with respect to its claims would have been to amend the claim and redesignate the exhibits, which they have requested in the above described motions to conform to the evidence as it was presented to the jury.
 "7. In the exercise of sound judicial discretion, justice, and equity, Plaintiff is entitled to amend its complaint to redesignate the exhibits to make clear the divisibility of the contract claims made by Plaintiff, and Plaintiff is entitled to its judgment by the jury in its favor against INA on the bad faith cause of action.
 Therefore, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Amend the Complaint and Motion to Redesignate Exhibits are hereby granted, that Plaintiff's Motion for Directed Verdict is hereby denied."
The questions before us are 1) whether our decision inInsurance Co. of North America v. Citizensbank ofThomasville, supra, constituted a final adjudication in regard to the issue of INA's liability for bad faith refusal to pay Citizensbank's insurance claim and 2) whether Rule 15, A.R. Civ.P., permits a post-appeal amendment to an original complaint. INA supports its petition for writ of mandamus on two grounds. First, INA contends that our prior decision constituted a final adjudication and that Judge Pearson failed to comply with its mandate. Second, INA argues that an amendment of the original complaint should not have been allowed. We agree with both contentions and, therefore, grant the writ.
Alabama case law on these issues is dispositive. In regard to the first issue, our precedent supports the conclusion that a decision by this court to reverse and remand on the ground that the trial court should have directed a verdict represents a final adjudication and precludes a reopening of the pleadings. In Ex parte Army Aviation Ctr. Fed. Credit Union,477 So.2d 379 (Ala. 1985) (citing Garmon v. King Coal Co.,409 So.2d 776 (Ala. 1981)), we stated: "When a case is reversed upon the ground of insufficiency of the evidence to sustain the verdict, that decision constitutes a final adjudication, and cannot be relitigated in the court below." Id. at 381. In Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983), the defendant petitioned this Court for a writ of mandamus to direct the trial court to enter a judgment in accordance with a prior decision by this Court in which we held that the defendant was entitled to a directed verdict because there was insufficient evidence to support the plaintiff's negligence action. Id. at 155. In granting the writ of mandamus conditionally, we held, inter alia, that "[b]ecause we did not expressly grant a new trial, our prior decision terminated this litigation." Id. at 155.[1]
Moreover, quoting *Page 1068 
language from 5 Am.Jur.2d Appeal and Error § 991 (1962), we stated:
 " 'It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered. . . . The appellate court's decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence. . . .' "
Id. at 155.
See Ex parte Clark, 522 So.2d 261 (Ala. 1988), for a recent application of this principle.
Finally, in Erbe v. Eady, 447 So.2d 778
(Ala.Civ.App. 1984), the Court of Civil Appeals reached the following conclusion: "When a case is remanded to a trial court after a decision on appeal, 'issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate. . . .' Walker v. Carolina MillsLumber Co., 441 So.2d 980, 982 (Ala.Civ.App. 1983). The trial court is not free to reconsider issues finally decided in the mandate." Id. at 779. Thus, our decisions support the principle that a trial court, when considering motions on remand, must abide by and act in accordance with the mandate of the higher court. Hames v. Irwin, 256 Ala. 319,54 So.2d 293 (1951); Kinney v. White, 215 Ala. 247,110 So. 394 (1926).
Our prior decision in Citizensbank, 491 So.2d 880, is susceptible to only one interpretation: Citizensbank failed to produce sufficient evidence at trial to prove a cause of action for bad faith refusal to pay an insurance claim, and, therefore, the judgment awarded against INA on the bad faith count must be reversed. By holding that INA's motion for directed verdict should have been granted, we determined as a matter of law that Citizensbank was not entitled to a judgment against INA on the bad faith count. Our decision operated as a final adjudication and precluded a reopening of the pleadings on remand. Therefore, the judgment and order entered on August 4, 1987, by Judge Pearson is clearly inconsistent with our decision in Citizensbank, supra.
Moreover, in regard to the second issue, our precedent evinces the notion that Rule 15 is not as expansive as Citizensbank suggests. In Bahakel v. City ofBirmingham, 457 So.2d 348 (Ala. 1984), we stated: "Rule 15 does not allow a party to amend his or her original complaint after an unsuccessful appeal, unless the mandate of the appellate court expressly permits such amendment." Our mandate in Citizensbank, 491 So.2d 880, did not permit Citizensbank to amend its original complaint or to redesignate exhibits. Therefore, the trial court should have denied the motion to amend the complaint.
Citizensbank raises two arguments in support of its answer to INA's petition for mandamus. First, Citizensbank argues that, because we reversed and remanded without directions, Judge Pearson had the discretion to allow an amendment to the complaint and a redesignation of the exhibits and, moreover, had the discretion to uphold the judgment based on the jury's verdict in favor of the plaintiff on the bad faith count. Second, Citizensbank argues that INA's ability to appeal from the trial court's post-appeal order purporting to reinstate the judgment provides INA with an adequate remedy and, therefore, precludes the issuance of a writ of mandamus. Both of these arguments lack merit.
We have repeatedly held that mandamus is not a substitute for appeal. Ross v. Luton, 456 So.2d 249 (Ala. 1984). We have also held, however, that a petition to this Court for a writ of mandamus constitutes a proper method for reviewing the question of whether a trial judge, after remand, has complied with our mandate. Town of Daphne v. City of Fairhope,284 Ala. 556, 226 So.2d 383 (1969); Ex parte UtilityService Corp. of Huntsville, *Page 1069 435 So.2d 1259 (Ala. 1983). In fact, this Court, on at least two occasions, has granted writs of mandamus to compel a trial judge to enter an order in conformity with a prior decision of this Court. Ex parte Utility Service Corp. of Huntsville;Ex parte Jim Walter Corp., 283 Ala. 295, 216 So.2d 183
(1968). In granting the writ, this court, in Ex parteUtility Service Corp. of Huntsville, stated:
 "When this Court has been presented with a petition for writ of mandamus when the trial court has refused to enter an order consistent with a prior order of this court, this court has granted the writ. . . ."
435 So.2d at 1260.
In the case at hand, because the petition for a writ of mandamus requires us to determine whether Judge Pearson has complied with the mandate of our prior decision, mandamus is a proper remedy.
To support its argument that Judge Pearson acted within the boundaries of his discretionary powers in upholding the judgment and in allowing the amendment, Citizensbank relies mainly on three cases, all of which are clearly distinguishable and not dispositive of the issue at hand. Citizensbank citesHughes v. Hughes, 429 So.2d 1077 (Ala.Civ.App. 1983), in which the appellate court faced the issue of whether a trial court's order was appealable. The trial court, after remand, had entered two orders. The first order was consistent with the prior decision of the Court of Civil Appeals. The second order pertained to a new issue interjected by one of the parties after the Court of Civil Appeals had remanded. The Court of Civil Appeals held that an appeal could be taken from the second order. In reaching this decision, the court, citingHavard v. Palmer Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974), stated: "When a case is remanded without directions, the trial court is free to conduct further hearings on the matters before it where justice and equity dictate." 429 So.2d at 1079. The court's holding inHughes presupposes the notion that the trial court possessed the authority to entertain and then to determine the merits of the new issue raised on remand. By allowing an appeal from the second order, the court, in effect, sanctioned the trial court's exercise of its discretionary powers in deciding the new issue on remand. The Hughes court was clear in pointing out that the appeal was taken from the second order and not from the first order entered consistently with the Court of Civil Appeals' prior decision. The aforementioned quoted passage from Hughes, which Citizensbank cites in its brief, must be read solely in conjunction with the trial court's second order, and it cannot be construed to mean that a trial court, after remand, can entertain "further hearings" and then disregard the clear intent of an appellate court decision. When interpreted in light of the whole opinion, the quoted passage from Hughes means that a trial court has the discretion to consider new issues on remand if the appellate court's opinion did not constitute or require a final adjudication of the case.
Next, Citizensbank cites Burton v. Howard,496 So.2d 764 (Ala. 1986), wherein this Court held that the trial court, on remand, did not abuse its discretion in granting a motion to strike an amendment to a complaint when the issue dealt with in the amendment had been raised in the original complaint. In support of its position, Citizensbank relies on the following language: "It is within the sound discretion of the trial court whether to allow an amendment to a complaint after this Court reverses a judgment and remands the case without further directions." Id. at 765. This statement must be read in light of the issues raised on remand. Ostensibly, because a new issue was not raised in the amendment to the complaint, the trial court granted the motion. Thus, read in light of the facts in Burton, the quoted language must be narrowly construed to mean that a trial court, after this Court has reversed and remanded without directions but has not entered a judgment constituting a final adjudication of all issues, has the discretion to grant a motion to amend an original complaint as to issues not yet finally adjudicated. *Page 1070 
Last, Citizensbank relies on Havard v. Palmer BakerEngineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974), for the proposition that a plaintiff can amend its complaint after this Court has reversed without directions. As we have already noted, that proposition is not necessarily untrue, but neither is it correct in all situations. In Havard, this Court reversed a judgment for the plaintiff, holding that "the affirmative charge should have been given by the trial judge," but then went on to allow an amendment to the complaint and further proceedings under the amended complaint. To the extent that Havard v. Palmer Baker Engineers, Inc.,293 Ala. 301, 302 So.2d 228 (1974), is inconsistent with our holding in the present case, it is expressly overruled.
For the foregoing reasons, the trial judge erred in not entering a judgment in favor of INA on the bad faith count as mandated by the decision of this Court in the first appeal in this case, Insurance Co. of North America v. Citizensbankof Thomasville, 491 So.2d 880 (Ala. 1986). It is therefore the order of this Court that the writ of mandamus issue to the Honorable J. Richmond Pearson of the Clarke County Circuit Court directing him to set aside his order purporting to reinstate that court's original judgment and to enter a judgment in favor of INA on the bad faith count.
WRIT GRANTED.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, ALMON, BEATTY and STEAGALL, JJ., concur.
JONES, SHORES and ADAMS, JJ., concur in the result.
[1] In making that statement, we referred to our opinion inSears, Roebuck Co. v. Haven Hills Farm, Inc.,395 So.2d 991 (Ala. 1981). In Sears, Roebuck, we ordered a new trial, contrary to the principle being applied in the present case, but explained why we were not giving the defendant the judgment it ordinarily would have been entitled to. We wrote:
"Reversal [of the plaintiff's judgment] is based on Plaintiff's failure to prove a prima facie case: i.e., the failure of the evidence to furnish a reasonable inference of the tire's defective condition; thus, the trial court erred in denying Defendant's motion for a directed verdict. Ordinarily, where we conclude, as we do here, that Appellant was entitled to a directed verdict in its favor it would be appropriate to enter judgment notwithstanding the verdict in behalf of Appellant or direct that it be entered by the trial court. This we will not do for the reason that this case is the first time that a full review by us has been made of the burden and standards of proof necessary to establish a primafacie case under the Alabama Extended Manufacturers Liability Doctrine."