SHAW, Judge,
dissenting.
In Woodard v. State, 846 So.2d 1102 (Ala.Crim.App.2002), this Court unanimously held that “none of the exceptions to the exclusionary rule applies” to the evidence Woodard alleged had been improperly admitted. 846 So.2d at 1107. This Court also held that the improper admission of Woodard’s statement was not harmless. We stated that “the prejudicial effect of Woodard’s statement substantially outweighed any conceivable probative value.” 846 So.2d at 1109. Although I agree with the majority that “[t]he lower court is bound to comply with the dictates of our holding in Woodard,” 883 So.2d at 260, I believe the majority’s issuance of a writ of mandamus is nonetheless premature and unnecessarily interjects this Court into the trial court’s discretionary handling of a pretrial motion to exclude evidence. The filings before this Court do not indicate that the State has affirmatively stated that the statement will be offered under Rule 404(b), Ala. R.Crim. P., at the second trial and they do not indicate that the trial court has affirmatively stated that it will admit the statement if it is in fact offered. I am not unsympathetic to the majority’s unstated desire to avoid the expense and delay that would result if a third trial is rendered necessary by the State’s insistence on introducing, and the trial court’s willingness to admit, Woodard’s statement. However, the fact remains that this Court is governed by the standards that are applicable to a mandamus petition. I do not believe that the trial court was under an imperative duty to grant Woodard’s motion to redact, which, it seems, is nothing more than a restyled motion in limine, or that Woodard has a clear legal right to have the trial court do so. See Ex parte Eubank, 871 So.2d 862 (Ala.Crim.App.2003) (issuance of a writ of mandamus requires 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court); see also Nash v. Cosby, 574 So.2d 700, 701 (Ala.1990), wherein the Alabama Supreme Court, quoting C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala. L.Rev. 1,15 (1981), stated:
“ ‘Most courts addressing the issue have concluded that a trial judge does not commit reversible error when he denies or overrules a motion in limine. Indeed, a trial judge’s decision to take the motion under advisement until the matter arises at trial or simply to refuse to entertain the motion at all is general *262 ly deemed not to constitute reversible error. Considerable discretion is vested in the trial court regarding these matters. Consequently, in order to show reversible error, the unsuccessful moving party has the nearly insurmountable task of proving that the trial judge abused his discretion. Filing a motion in limine has its advantages as discussed earlier in this article, but the motion is unlikely to be valuable as grounds for reversal on appeal.’ ”
Because any reviewable error will occur only if, and when, the trial court admits Woodard’s statement at trial, see Moody v. State, [Ms. CR-96-0994, April 18, 2003] — So.2d - (Ala.Crim.App.2003), and Grimsley v. State, 678 So.2d 1197, 1208 (Ala.Crim.App.1996), and because Woodard has the right to then challenge that ruling on appeal, I respectfully dissent.[4]

. The majority’s reliance on Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988), is, in my view, misplaced. In that case, the Alabama Supreme Court issued a writ of mandamus to enforce its decision that, the Court held, constituted a final adjudication in regard to the issue of INA's liability for bad faith refusal to pay an insurance claim. The Supreme Court held that the writ should issue because there was nothing for the trial court to do on remand but to enter a judgment for INA on the bad faith claim. In other words, the trial court had no discretion to reopen the pleadings. In the present case, the trial court, at least at this juncture, has, for reasons that are not clear (this Court has not been provided with a transcript of the pretrial hearing that was held on Woodard's motion), merely made a discretionary ruling on a pretrial motion to exclude evidence at the retrial. I see a material distinction between these two cases.