[McCoy v. Prince.]

# McCoy v. Prince.

### Detinue.

(Decided November 30, 1916.   73 South. 386.)

1. **Courts; Stare Decisis; Dicta.**—Where an expression in an opinion of the court is in conflict with an established precedent as fixed by the Supreme Court, and is merely dicta, it is proper for the Court of Appeals to disregard it.

2. **Appeal and Error; Retrial.**—Where the ruling of the trial court on a retrial after a remand, is not in accordance with the opinion of the appellate court, the judgment will be reversed.

APPEAL from Winston Circuit Court.

Heard before Hon. JOHN H. MILLER.

Detinue by Robert McCoy against L. F. Prince.  Judgment for plaintiff and defendant appealed to Court of  Appeals,  which transferred the appeal under section 6, Acts 1911, p. 449, to Supreme Court.   Reversed and remanded.

It appears from the evidence that Prince and McCoy traded horses, McCoy getting Prince's mare, and Prince getting McCoy's mule.   The trade was permitted to stand for about three weeks when, one day, Prince was in town and left the mule hitched, whereupon McCoy, after changing bridles and saddles, left the mare that he had received from Prince, hitched where the mule was, and rode off with the mule, putting him back in his lot.   The main controversy was over whether or not the mare was sound, and as to Prince's warranty of the mare.   The following charges were refused to defendant:   (6) If Prince fraudulently concealed the fact, if it was a fact, that the mare was materially defective or unsound, and if defendant McCoy was materially influenced thereby to make the trade, then defendant was authorized to rescind the contract.

(7) Same as 6 down to the word "contract," and adds:  And if, within a reasonable time thereafter, defendant tendered the mare to plaintiff and demanded a rescission of the contract, and if thereafter he did not hold and use the mare as his own, but as a mere bailee for plaintiff, then the verdict of the jury should be for defendant.

[McCoy v. Prince.]

(9) If plaintiff made either a false representation or a false warranty with reference to the conditions of the mare, covering the defect in question, and the defendant in ignorance of its falsity was induced to make the trade, and within a reasonable time thereafter tendered the mare to plaintiff and demanded a rescission of the contract, then by operation of law, although the demand was refused, the ownership of the mare became reinvested in planitiff, and the title to the mule was restored to defendant, together with the right in him to immediate possession, which title and right continued in him notwithstanding he retained possession of the mare, provided he did not act inconsistent with the holding as a mere bailee for the exclusive benefit of plaintiff, and which title and right the law allows him to assert by taking possession of the mule at any time he could do so, without committing a breach of the peace, or a trespass upon property of another.

(11) If, at the time of the trade, the mare was defective and unsound, and that fact was known to plaintiff, but was unknown to defendant, and if defendant, at the time stated to plaintiff that he would not wish to trade for the mare if she was not sound and all right, and if plaintiff withheld from defendant the information which he had of the defective and unsound condition of the mare, and if defendant was materially influenced to make the trade by the action or conduct of plaintiff in withholding such information, such action or conduct on the part of plaintiff would amount to a legal fraud, and authorize a rescission of the contract.

(12) If plaintiff made a material false statement as to the soundness of the mare, even though he made it mistakenly or innocently, and if defendant, not knowing of the falsity of the statement, relied upon it, and was thereby materially influenced to make the trade, that would amount to a legal fraud, and would authorize a rescission of the contract.

R. L. BLANTON, for appellant. MAYHALL & STAGNER, for appellee.

ANDERSON, C. J.—This case was decided, upon a former appeal, and is reported in 11 Ala. App. 388, 66 South. 950. We think that the legal questions involved were correctly set forth in the opinion of said court, and need add nothing to what was there said in order to dispose of the present appeal.

(1) It is true that the opinion conflicts in one particular with an expression in the opinion in the case of *Hafer v. Cole,* 176 Ala.

[Davis v. The State.]

at the top of page 247, 57 South. 757, but we think that the Court of Appeals properly treated the expression as dicta. It did not relate directly to the point involved, was arguendo, and merely stated the weight of authority, but failed to note the fact that such was not the rule as laid down by our own cases.

(2) The ruling of the trial court in refusing the defendant's requested charges 6, 7, 9, 11, and 12 was not in accord with the opinion upon the former appeal, and the judgment must be reversed. See opinion upon former appeal. Section 4298 of the Code of 1907, also the case of *Hockensmith v. Winton,* 11 Ala. App. 670, 66 South. 954, wherein a distinction is drawn between an action for deceit and the right to rescind a sale for false statements, and in which sections 4298, 4299, and 2469 of the Code were considered and discussed.

The trial court committed no reversible error in refusing the defendant's other requested charges, or in giving the plaintiff's requested charges.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.