226 So.2d 383

TOWN OF DAPHNE, a Municipal Corporation

v.

CITY OF FAIRHOPE, a Municipal Corporation.

1 Div. 558.

Supreme Court of Alabama.

June 12, 1969.

On Rehearing Aug. 7, 1969.

Further Rehearing Denied Sept. 18, 1969.

Lyons, Pipes & Cook, Mobile, Chason, Stone & Chason, Bay Minette, for appellant.

Ernest M. Bailey, Richard C. Lacey, E. G. Rickarby, Jr., Fairhope, for appellee.

MERRILL, Justice.

### On Rehearing.

This opinion is substituted for the original opinion announced on June 12, 1969.

The sole purpose of this review is to ascertain whether the trial court correctly interpreted and followed in its decree the mandate of this court in its remandment with directions in City of Fairhope v. Town of Daphne, 282 Ala. 51, 208 So.2d 917.

It is not to be inferred, nor is it contended, that the trial court has refused to follow the directions of this court. The question has arisen as to whether it properly interpreted our mandate.

In that case, the certificate which accompanied the opinion stated, inter alia:

"IT WAS FURTHER ORDERED, ADJUDGED AND DECREED that the cause be remanded with directions that a decree be entered declaring that The City of Fairhope convey to The Town of Daphne unqualified ownership of one-tenth interest in the first transmission

line and an interest of 12.15% in the second transmission line."

The decree of the trial court after remandment ordered the conveyances and at the conclusion of the description in both deeds, the following sentence was ordered:

" * * * Excepting therefrom customers served by the City of Fairhope from said transmission line and/or also any and all fixtures, fittings, valves, meters, appliances and equipment of every kind and nature which is or may be used in serving gas to customers of the City of Fairhope from the transmission line herein described."

Appellant, Town of Daphne, contends that this exception limits and qualifies the "unqualified ownership" of Daphne's 10% interest in the first transmission line and its 12.15% interest in the second line. Appellant states in brief:

"We would be less than candid with this Court if we did not here state that the real bone of contention, the real meat of the coconut, is the question of whether Daphne, as the owner of 'unqualified interests' in the two transmission lines has the right to participate to the extent of its proportionate interests in the sale of natural gas to customers from that line between the source of supply and the respective corporate limits of these parties and to reap its proportionate share of the profits, if any, from such sales. * * *"

This quotation from appellant's brief and our failure to remember correctly the geography of Baldwin County caused us to affirm the decree of the lower court. We understood that appellant was claiming an interest in the sales of gas from the line in its entire length and we mistakenly understood that all the customers excepted were those living south of the Town of Daphne.

Appellant on rehearing states in brief:

"Daphne has never complained and does not here complain of any use made by Fairhope of the 'transmission lines' south of Daphne. What Fairhope does south of Daphne does not concern Daphne.

"It is the use of the lines between Daphne and the source of supply (Bay Minette) that is involved in this law suit, use of the lines jointly owned by Daphne, and as to which it is charged with its pro rata share of seepage of gas and cost of operation."

That was our interpretation of the contract in the original suit, 282 Ala. 51, 208 So.2d 917, and that is why we disagreed with appellant's quoted statement and argument in the original brief that Daphne had an interest in the sale of gas "to customers from that line between the source of supply and *the respective corporate limits of these parties*." (Emphasis supplied.) We knew that we were not going to agree that Daphne had any interest in gas sold to customers south of Daphne.

Appellant also points out in brief that Spanish Fort, one of the localities served by the line, is north of Daphne. This we know, but due to a memory lapse, we associated it with Point Clear, another locality supplied by the line, as also being south of Daphne and on the coast.

It was the court's opinion when the case in 282 Ala. 51, 208 So.2d 917, was announced that Daphne was concerned with the line only between the source of supply and the town limits of Daphne, and we are still of that opinion. But we also held that Daphne had an unqualified ownership of one-tenth interest in the first transmission line and a twelve and one-half interest in the second line. Therefore, Daphne would have the same proportionate interests in any gas taken from the lines between the source of supply and the town limits of Daphne.

Therefore, the exceptions inserted by the trial court should apply to the lines only south of Daphne, and an addition

should be made to the decree stating that the Town of Daphne should participate in both profits and losses in proportionate share from the sale of gas to customers on both lines north of the town limits of Daphne and south of the source of supply.

The decree of the trial court is reversed and the cause is remanded in order that a decree may be modified in accordance with this opinion.

Appellant was not sure whether this review should be by appeal or mandamus. When faced with that dilemma, counsel properly appealed with an alternative petition for writ of mandamus.

This court has entertained and ruled on questions arising from the alleged failure of trial courts to follow the directions of this court upon remandment, both on appeals and petitions for writ of mandamus. For an appeal, see McCoy v. Prince, 197 Ala. 665, 73 So. 386; for mandamus, see Ex parte Walter Brothers, 89 Ala. 237, 7 So. 400; Ex parte Jim Walter Corporation, 283 Ala. 295, 216 So.2d 183. In 5B C.J.S. Appeal & Error § 1994, p. 647, it is said:

> "Error of the trial court in failing to follow the law of the case as laid down in the decision of the appellate court may be remedied or corrected by another appellate proceeding or reversal, or the appellate court may take practically any step or issue any appropriate writ necessary to give effect to its judgment."

We hold that either appeal or mandamus are appropriate and proper remedies where this type question arises and the aggrieved party may select either, or in the abundance of caution, use appeal with alternative petition for mandamus as did appellant here.

Rehearing granted.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.