241 So.2d 887

**CITY OF FAIRHOPE, a Municipal Corporation,**

v.

**TOWN OF DAPHNE, a Municipal Corporation.**

**1 Div. 633.**

Supreme Court of Alabama.

Dec. 10, 1970.

Sam W. Pipes, Gordon B. Kahn, Mobile, Norborne C. Stone, Jr., Bay Minette, for appellee.

Rufus M. King, Montgomery, for appellant.

BLOODWORTH, Justice.

Appellant, City of Fairhope, appeals from a decree of the circuit court of Baldwin County, in equity, ordering Fairhope to convey to Daphne certain interests in two gas transmission lines constructed by Fairhope and to allow Daphne to participate in the profits and losses realized from the sale of gas from these lines.

This is the third appeal in this case, our two previous decisions being reported at 282 Ala. 51, 208 So.2d 917, and 284 Ala.

556, 226 So.2d 383. The decree of the trial court was rendered in accordance with our last reported opinion.

Though Fairhope lists 17 assignments of error, the thrust of its argument on this appeal is that the lower court erred in following our last decision. In other words, Fairhope contends that our decision was erroneous.

It is unnecessary to restate the facts of this case as they were amply set forth in our first opinion, 282 Ala. 51, 208 So.2d 917. In that case we affirmed the trial court in fixing the purchase price to be paid by Daphne to Fairhope for the gas distribution system constructed by Fairhope within the corporate limits of Daphne and for its proportionate interest in two gas transmission lines. However, in determining the nature of the interest which Daphne acquired in the two gas transmission lines located between the source of supply of the gas (at Bay Minette north of Daphne) and the corporate limits of Daphne, we reversed the trial court. We held that Daphne's interest amounted to an unqualified ownership of 10% in the first transmission line and a 12.15% in the second line. We remanded the case with directions to award Daphne unqualified ownership in the two transmission lines in the proportions mentioned.

The case was presented to us on the second appeal to ascertain if the trial court had correctly interpreted and followed our original decision after remandment. The trial court had, on remandment, ordered the conveyance to Daphne of the proportionate interests in the two gas transmission lines, but at the conclusion of the description in each deed had included the following sentence:

"* * * Excepting therefrom customers served by the City of Fairhope from said transmission line and/or also any and all fixtures, fittings, valves, meters, appliances and equipment of every kind and nature which is or may be used in serving gas to customers of the City of Fairhope from the transmission line herein described."

On the second appeal, at first we rendered an opinion in which we affirmed the trial court and held that it had correctly interpreted our first opinion. 3 ABR 1929 (MS. June 12, 1969). On rehearing we withdrew that opinion and reversed and remanded the case to the trial court. The substituted opinion is reported at 284 Ala. 556, 226 So.2d 383.

Daphne had contended on rehearing that, since it owned a 10% and 12.15% interest in the gas transmission lines, it was entitled to participate in the profits realized from the sale of any natural gas to customers from the gas lines located between the source of supply and the corporate limits of Daphne. In the substituted opinion we upheld this contention and stated that:

"* * * the exceptions inserted by the trial court should apply to the lines only south of Daphne, and an addition should be made to the decree stating that the Town of Daphne should participate in both profits and losses in proportionate share from the sale of gas to customers on both [gas] lines north of the town limits of Daphne and south of the source of supply." 284 Ala. 556, 557, 558, 226 So.2d 383, 384, 385.

Now, on this third appeal, Fairhope argues that our last mentioned decision was erroneous and asks us to overrule or reverse that decision.

Fairhope cites the provisions of Title 13, § 28, Code of Alabama 1940 (Recompiled 1958), which provides:

"The supreme court, in deciding each case when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion at that time is law, without any regard to such former ruling on the law by it. * * *."

The effect of this statute is stated in First National Bank of Birmingham v. Garrison, 235 Ala. 94, 96, 177 So. 631, 633:

"The effect of this last-stated statute was declared in the case of Moulton v. Reid, 54 Ala. 320. It was there observed, in an opinion by Chief Justice Brickell: 'For more than forty years, the conservative rule on which this court proceeded, was, that an opinion of this court, however erroneous, was the law of the case in which it was rendered, and could not be questioned in the primary court, *or on a second appeal* [Italics supplied]. The rule was sometimes applied to the affirmance of judgments, working great individual hardship and injustice. The legislature not only abrogated the rule, but expressly commands this court, if the case returns here on a second appeal, to pronounce judgment, without regard to the former ruling, if that is deemed erroneous.' This statute entirely changed the rule prevailing at common law. Stoudenmire v. DeBardelaben, 85 Ala. 85, 4 So. 723."

■■ Under this statute, a former opinion does not conclude or influence us, upon a subsequent appeal, and, if we consider our former opinion to be erroneous, it will be overruled. Smith v. Smith, 157 Ala. 79, 47 So. 220, 25 L.R.A.,N.S., 1045. On the other hand, if upon reexamination, we determine that our previous ruling is sound, we may reaffirm our decision on former appeal. City of Birmingham v. Bouldin, 280 Ala. 76, 190 So.2d 271; Bank of Luverne v. Reddoch, 211 Ala. 699, 100 So. 922. After careful review, we believe that our last decision in this case is correct and we adhere thereto.

On this appeal, Fairhope argues one point not previously raised or considered in our prior decisions. It suggests that the rights of the bondholders of the City of Fairhope have been affected by our last decision and it is incumbent upon us to reverse for lack of necessary or indispensable parties.

■ Although Fairhope has not assigned error for the failure to join these bondholders as necessary or indispensable parties, we have held that this " '* * * objection may be made at the hearing, or on error, *it may be taken by the court ex mero motu.*' * * *" [Emphasis supplied]. Hawkins v. Snellings, 255 Ala. 659, 662, 53 So.2d 552, 555. The rule in equity is that all persons whose rights will be directly and materially affected by the decree must be made parties unless too numerous or beyond the reach of process. Box v. Box, 253 Ala. 297, 45 So.2d 157.

■ Nevertheless, we do not see how the rights of the bondholders of the City of Fairhope have been directly or materially affected by our last decision. Our decision directly and materially affects only the rights, duties, and obligations of the Town of Daphne and the City of Fairhope under the contract which they voluntarily entered into prior to the bond issue.

We therefore conclude our previous opinion in this case is sound. We see no justification for reversing the trial court which followed our decision. In this posture of the case, we need not reach the question as to whether Fairhope's brief adequately complies with the Revised Rules of the Supreme Court, 279 Ala. XXI.

Affirmed.

SIMPSON, HARWOOD, MADDOX and McCALL, JJ., concur.