On Application for Rehearing

ALMON, Justice.
In its application for rehearing, First Alabama Bank points out that the quotation in the opinion from § 10(d) of the resolution omits a sentence that is relevant to the Bank’s contention regarding the funding of the reserve account. Beginning with the fourth sentence of § 10(d) and emphasizing the previously omitted sentence, the following excerpt from § 10(d) gives that sentence in context:
“Thereafter, if the amount on deposit in the reserve account is less than $225,000, the Trustee shall, from the moneys in the revenue fund, deposit in the reserve account one-third (⅜) of such deficit in each of the next three succeeding fiscal years. No further deposits into the reserve account need be made from the revenue fund when there has been deposited therein and so long as there shall remain therein an amount equal to $225,000. The moneys in the reserve account shall be used only to pay at or after their respective maturities and due dates any principal or interest maturing or becoming due with respect to the Bonds during any fiscal year in which the current revenues from the project shall be insufficient to pay such principal and interest and shall be so used only when necessary to prevent or to make good a default in the payment of such principal and interest. Any moneys so transferred from the reserve account shall be restored by the Trustee in the next succeeding fiscal year from the moneys in the revenue fund. Whenever moneys on deposit in the reserve account shall be in excess of the sum of $225,000, moneys in the reserve account to the extent of such excess may, at the option of the Authority, be used for the purchase or redemption of Bonds.”
Regrettably, the sentence in question was inadvertently omitted in an early stage of drafting a proposed opinion. Although this sentence was quoted on page 7 of the Bank’s statement of facts in its Appellee’s brief and a portion of it was quoted on page 15 of the argument section of the Appellee’s brief, the omission was not discovered until the Bank filed its application for rehearing. The au *559 thor has suffered some embarrassment in this omission, but nevertheless appreciates the appellee’s correction on rehearing. Indeed, this is one of the reasons for having a rehearing procedure.
The Court considered § 10(d) in its entirety on original submission, but because of the omission, the Court has now reconsidered the appellee’s arguments and adds the following comments regarding the effect of the omitted sentence, which is the seventh sentence of § 10(d).
The seventh sentence appears to authorize the Bank to restore all funds to the reserve account in any year succeeding a year in which funds were withdrawn from the reserve account to prevent or make good a default. However, this sentence, if given such an effect, would contradict both the fourth sentence and the fifth sentence of § 10(d). The fourth sentence provides for the Bank to deposit in the reserve account ½ of the deficit below $225,000 in each of the three years following a deficit below that amount. More critical is the fifth sentence, which provides that “No further deposits into the reserve account need be made from the revenue fund when there has been deposited therein and so long as there shall remain therein an amount equal to $225,000.”
The Bank’s construction of the generally worded seventh sentence would allow the Bank to replenish the reserve account to any amount that was in the reserve account before a payment was made to prevent or cure a default. However, the specific provisions in the fourth and fifth sentences provide that the reserve account is to be funded only to the amount of $225,000 and that any deficit below $225,000 will be replenished by restoring ⅝ of the deficit in each of the three years following the creation of the deficit. “When there is a conflict in a contract, the specific substantive provisions control over general provisions.” ERA Commander Realty, Inc. v. Harrigan, 514 So.2d 1329, 1335 (Ala.1987). Furthermore,
“in construing instruments containing contradictory or ambiguous clauses, the first expression of the intention of the parties will govern, unless the intention to thereafter qualify is plainly expressed; and ... where the subsequent clause is of doubtful import, it will not be held to contradict the preceding or more certain clause.”
Irwin v. Baggett, 231 Ala. 324, 326, 164 So. 745, 746 (1935); City of Fairhope v. Town of Daphne, 282 Ala. 51, 58, 208 So.2d 917, 924 (1968), appeal after remand, 284 Ala. 556, 226 So.2d 383 (1969), appeal after remand, 286 Ala. 470, 241 So.2d 887 (1970); Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750 (1957); Scherf v. Renfroe, 266 Ala. 35, 93 So.2d 402 (1957); G.F.A Peanut Ass’n v. W.F. Covington Planter Co., 238 Ala. 562, 192 So. 502 (1939); Lowery v. May, 213 Ala. 66, 104 So. 5 (1925).
A construction of the seventh sentence that would allow it to overcome the operation of the more detailed and specific fourth and fifth sentences would be unreasonable. The Bank’s construction of the seventh sentence would allow it to replenish the reserve account to a balance in excess of the $225,000 funding requirement that is clearly set out in other parts of § 10(d), even though the seventh sentence does not expressly override the other provisions. We decline to adopt such a construction.
OPINION EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and SHORES, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.