LYONS, Justice
(concurring specially).
At the first trial, Dr. Layton testified as an expert witness over Dr. Mihelic’s objection. The Sullivans rested their case without calling additional expert witnesses. The jury returned a verdict in favor of the Sullivans. On appeal, this Court reversed and remanded for a new trial. See Mihelic v. Sullivan, 686 So.2d 1130 (Ala.1996), based on erroneous admission of expert testimony. Upon remand, the trial court viewed the evidence from the first trial purged of Dr. Layton’s testimony and entered a judgment as a matter of law for Dr. Mihelic.
On this second appeal, the Sullivans argue, among other things, that the first appeal was wrongly decided on the issue of admissibility of expert testimony. Likewise, Dr. Mihelic argues, as he did in his application for rehearing on the first appeal, that he is entitled to a judgment as a matter of law, as opposed to awarding the Sullivans a new trial, based upon the incompleteness of the Sullivans’ case at the first trial without Dr. Layton’s testimony. *10 I agree with the majority opinion that the trial court was bound by the law of the case on the first appeal. I write specially to point out that I believe a new trial is a fair and reasonable result.
I consider the question whether Dr. Layton’s testimony at the first trial was directed to causation, as the Sullivans contend, or to the standard of care and therefore subject to § 6-5-548(e), Ala.Code 1975, as Dr. Mihelic maintains and as this Court held on the former appeal, to be a close one. I recognize that this Court is not obliged to apply the law decided in the first appeal. In Papastefan v. B & L Construction Co., 385 So.2d 966 (Ala.1980), this Court held:
“On this second appeal, both sides again argue in [their briefs] the limitations issue. The Supreme Court is not barred from re-examination of a previous ruling upon a subsequent appeal of the same case. Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974); City of Fairhope v. Toum of Daphne, 286 Ala. 470, 241 So.2d 887 (1970). Code of 1975, § 12-2-13 (formerly Tit. 13, § 28, Code of 1940), states in part:
“ ‘The supreme court, in deciding each case when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion, at that time is law, without any regard to such former ruling on the law by it....’
“Section 12-2-13 abrogates the common law rule that principles decided and rulings made on appeal, however erroneous, are the ‘law of the case’ and govern the appellate court on a subsequent appeal in the same case. Stoudenmire v. [DeBardelaben], 85 Ala. 85, 4 So. 723 (1888); Moulton v. Reid, 54 Ala. 320 (1875). Of course, if, upon re-examination, the Supreme Court determines that its previous ruling is sound, the former decision will be reaffirmed. City of Fairhope, supra; Norville v. Seeberg, 205 Ala. 96, 87 So. 164 (1920).”
385 So.2d at 967.
If I were not affected by the closeness of the issue decided in the first appeal of this case on the issue of the admissibility of expert testimony, I would be inclined to revisit the other holding in the first appeal dealing with the grant of a new trial as opposed to the entry of a judgment, as urged by Dr. Mihelic. The precise question — whether the plaintiff, as the verdict winner, is entitled, after an appellate court has declared his expert testimony insufficient, to a new trial solely to allow him to present stronger expert testimony in a second trial — was recently decided adversely to the plaintiff by a unanimous Supreme Court in Weisgram v. Marley Co., 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000). In Weisgram, the Supreme Court applied principles of law that, although they are not binding upon us, are highly persuasive. The Court noted:
“Courts of appeals have divided on the question whether Federal Rule of Civil Procedure 50 permits an appellate court to direct the entry of judgment as a matter of law when it determines that evidence was erroneously admitted at trial and that the remaining, properly admitted evidence is insufficient to constitute a submissible case.”
Id. at 446, 120 S.Ct. 1011. The Court then held:
“As Neely [v. Martin K Eby Construction Co., 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967)] recognized, appellate rulings on post-trial pleas for judgment as a matter of law call for the exercise of ‘informed discretion,’ 386 U.S., at 329, 87 S.Ct. 1072, and fairness *11 to the parties is surely key to the exercise of that discretion. But fairness concerns should loom as large when the verdict ivinner, in the appellate court’s judgment, failed to present sufficient evidence as when the appellate court declares inadmissible record evidence essential to the verdict winner’s case. In both situations, the party whose verdict is set aside on appeal will have had notice, before the close of evidence, of the alleged evidentiary deficiency. See Fed. Rule Civ. Proc. 50(a)(2) (motion for judgment as a matter of law ‘shall specify ... the law and facts on which the moving party is entitled to the judgment’).”
Id. at 454, 120 S.Ct. 1011 (emphasis added).
Responding to the plight of the plaintiff who relied on evidence admitted over objection, the Court stated:
“It is implausible to suggest, post-Ncw-bert [Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)] that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail. We therefore find unconvincing Weisgram’s fears that allowing courts of appeals to direct the entry of judgment for defendants will punish plaintiffs who could have shored up their cases by other means had they known their expert testimony would be found inadmissible. See Brief for Petitioner 18, 25. In this case, for example, although Weis-gram was on notice every step of the way that Marley was challenging his experts, he made no attempt to add or substitute other evidence. See Lujan v. National Wildlife Federation, 497 U.S. 871, 897,110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (‘[A] litigant’s failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant’s own risk.’).”
Id. at 455-56, 120 S.Ct. 1011.
Dr. Mihelic has not asked us to follow Weisgram. After weighing the wisdom of reconsidering each of the holdings the Sul-livans and Dr. Mihelic, respectively, seek to relitigate, I am persuaded that the best result is to leave the parties to a new trial.