Charlotte Williford and Kenneth Williford petition this Court for a writ of mandamus directing Tom F. Young, circuit judge for Chambers County, to vacate his Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986), order issued on May 7, 2004, in response to our opinion remanding this case. Williford v. Emerton, [Ms. 1020616, March 26, 2004] ___ So.2d ___ (Ala. 2004). The Willifords further request in light of our mandate on remand that we order the circuit court to conduct an additional Hammond
hearing. We grant the petition in part and deny it in part.
 Facts
Scott Emerton and Kristi Emerton sued Kenneth Williford and Charlotte Williford, individually and d/b/a Ben-Mor Village. The action arose out of the lease-purchase by the Emertons of a mobile home from Ben-Mor Village. In 2002, after a jury had returned a verdict in favor of the Emertons and the trial court had conducted a Hammond hearing,[1] the trial court entered a judgment awarding the Emertons $33,000 in compensatory damages and $350,000 in punitive damages. The Willifords appealed the judgment to this Court. One of the issues raised on appeal challenged *Page 660 
the propriety of the jury's award of $350,000 in punitive damages to the Emertons. First, the Willifords contended that the case should be remanded for the trial court to enter an order that complied with the requirements of Hammond. Second, the Willifords argued that the jury's $350,000 punitive-damages award was excessive and outside the constitutional parameters set forth by the United States Supreme Court in BMW v. Gore,517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). We agreed with the Willifords that the trial court's order did not comply withHammond, and we remanded the cause for the trial court to enter an order in compliance with Hammond. We, however, pretermitted any consideration on the propriety of the punitive-damages award until the trial court issued a proper Hammond order, stating "[o]n return to remand, the Willifords will have the opportunity to renew their argument that the punitive-damages award is outside the constitutional parameters set forth in [BMW v.]Gore [, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996),] and Hammond/Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), should they wish to do so." Williford v. Emerton, ___ So.2d at ___.
On March 31, 2004, the Willifords filed in the trial court a motion requesting an additional Hammond hearing. On April 14, 2004, the Willifords filed in the United States Bankruptcy Court a notice of removal of this action to the bankruptcy court. On April 15, 2004, in the Chambers Circuit Court the Willifords filed a "Notice of Filing Notice of Removal" of the action to the United States Bankruptcy Court. In their notice of removal, the Willifords alleged that they had filed a petition in bankruptcy in October 2003 and, therefore, that removal of the action to the bankruptcy court was proper. On May 4, 2004, Judge Ray D. Martin of the Chambers Circuit Court entered an order stating that the action had been removed to the United States Bankruptcy Court for the Middle District of Alabama, Eastern Division, and that pursuant to the automatic-stay provision of the Bankruptcy Code the proceedings in the Chambers Circuit Court had been stayed.
On May 7, 2004, Judge Young, without conducting a hearing, entered a Hammond order in compliance with our remand order. On May 11, 2004, the Willifords moved to set aside the May 7, 2004, order because, they say, the Chambers Circuit Court was without jurisdiction to enter the order in light of the removal of the action to the bankruptcy court. In their motion, the Willifords additionally alleged that the circuit court did not comply with this Court's directions on remand when it refused to conduct another Hammond hearing. The circuit court denied the motion.
On June 16, 2004, the Willifords petitioned this Court for a writ of mandamus directing the circuit court to vacate its May 7, 2004, Hammond order and to conduct another Hammond hearing. On July 1, 2004, this Court ordered the Emertons to file an answer and brief. On July 6, 2004, the Willifords filed a suggestion of bankruptcy with this Court. On July 15, 2004, this Court stayed all proceedings in light of the Willifords' suggestion of bankruptcy.[2] On September 22, 2004, this Court received notice that on August 26, 2004, the United States Bankruptcy Court for the Middle District of Alabama had entered an order annulling the automatic stay entered when the Willifords filed their petition in bankruptcy on October 3, 2003, *Page 661 
and a separate order remanding this case to state court. Specifically, the bankruptcy court stated with regard to the automatic stay entered when the Willifords filed their petition in bankruptcy:
 "This bankruptcy case came before the Court upon the motion for relief from the automatic stay which was filed by Scott Emerton and Kristi Emerton. For the reasons set forth in the Court's Memorandum decision entered this date . . ., this motion is GRANTED, IN PART, as follows:
 "(a) The automatic stay in this case is annulled to the extent of proceedings which have heretofore taken place, including the Alabama Supreme Court's decision dated March 26, 2004, and the circuit court's decision dated May 7, 2004.
 "(b) The automatic stay is modified to permit the Alabama courts to take all action necessary to complete . . . review of the judgment of the circuit court for Chambers County. . . . This shall include any action taken by the Alabama Supreme Court to review any action taken by the circuit court and any proceedings in the circuit court of Chambers County on or after remand, except those proceedings which are stayed pursuant to paragraph (c) below.
 "(c) The automatic stay shall remain in effect to the extent that no action to collect upon any judgment which presently exists or which ultimately becomes final at some time in the future, shall be permitted, including any act to record, attach or perfect any judgment lien."
In a separate order issued the same day, the bankruptcy court addressed the propriety of the Willifords' removal of this action to the bankruptcy court and entered an order remanding this action to the Chambers Circuit Court. The bankruptcy court in its memorandum decision explained its order of remand as follows:
 "This adversary proceeding illustrates the conflict between two strong policy interests. On the one hand, bankruptcy courts have a strong interest in controlling the reorganization/liquidation process. As claims against debtors in bankruptcy court are squarely within a bankruptcy court's core jurisdiction, bankruptcy courts generally hear and determine all claims against debtors. On the other hand, the underlying civil action has already been tried to a jury in Chambers County and appealed to the Alabama Supreme Court. Given the investment of time and resources by the Alabama Courts, the interest of comity between State and Federal Courts would be harmed if remand was denied. In addition, the interest of judicial economy would also favor remand. As a final matter, the retention of this Adversary Proceeding would create novel and perhaps complex procedural issues. As a general rule, judgments of one court preclude other courts from hearing the same claims. This is true even if a judgment is on appeal. The removal of this civil action under the facts of this case presents difficult and unsettled procedural issues, all of which may be avoided by remand of this adversary proceeding to the State Court system."
(Footnote omitted.)
 Standard of Review
Our standard of review of a petition for a writ of mandamus is well settled: "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of *Page 662 
another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). A petition for a writ of mandamus is a proper means by which to seek review of a question of subject-matter jurisdiction. Ex parte Johnson, 715 So.2d 783 (Ala. 1998);Forrester v. Putman, 409 So.2d 773 (Ala. 1981). Mandamus is also a proper remedy where a party challenges a circuit court's compliance with this Court's directions on remand. Town ofDaphne v. City of Fairhope, 284 Ala. 556, 226 So.2d 383 (1969) (holding that mandamus or appeal is an appropriate remedy for a trial court's failure to comply with this Court's remand order).
 Analysis
First, the Willifords contend that the circuit court did not have jurisdiction to enter the Hammond order on May 7, 2004, in light of the notice it filed on April 15, 2004, of their removal of the action to the bankruptcy court. The Willifords maintain that because the action had been removed to the bankruptcy court and the Chambers Circuit Court had recognized that removal on May 4, 2004, the circuit court did not have jurisdiction to enter its May 7, 2004, order; consequently, they say, that order is void.
First, we must address jurisdiction of this case in general in light of the Willifords' bankruptcy filing in October 2003 and the issuance of an automatic stay at that time as an operation of law. See 11 U.S.C. § 362(a)(1).
The bankruptcy court in its memorandum decision provided an accurate summary of the facts; it resolved this jurisdictional problem with regard to the automatic stay in its order of August 26, 2004, by annulling the stay with regard to the state court actions, stating:
 "The underlying civil action is a claim for money damages against the Willifords. Upon the filing of this Chapter 11 bankruptcy case, the automatic stay came into existence by operation of law. 11 U.S.C. § 362(a)(1). The question next becomes: what is the effect of the automatic stay upon those proceedings in the State court system which took place after the date of the petition? The petition was filed on October 3, 2003. The Alabama Supreme Court handed down its decision on March 26, 2004. The Circuit Court entered its order on remand on May 7, 2004. While § 362 is silent on the question, controlling authority in this circuit provides that actions taken in violation of the automatic stay are void. Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306
(11th Cir. 1982).
 "Second 362(d) provides that a bankruptcy court may grant relief by terminating, modifying or annulling the automatic stay. By annulling the automatic stay, this Court may retroactively grant relief from the automatic stay, thereby validating those proceedings which have taken place in the State court since the date of the petition. This Court will grant relief from the automatic stay to the extent that the Alabama State Court system may take all actions necessary to complete its review of the judgment in the civil action. This modification will include any proceedings on remand and any necessary hearings. This modification does not go so far as to permit the collection of the money judgment or the imposition, attachment or perfection of a judgment lien. Once the claim of the Emertons is liquidated in the State courts, the Willifords may proceed with their Chapter 11 reorganization."
(Emphasis added.) Therefore, because the bankruptcy court annulled the automatic stay, this Court had jurisdiction *Page 663 
when it issued its original decision and remanded the case.
The bankruptcy court's annulment of the automatic stay, however, does not resolve the jurisdictional issue with regard to the circuit court's entry of the Hammond order on May 7, 2004, in light of the Willifords' April 15, 2004, notice of the filing of a notice of removal of the action to the bankruptcy court and the Chambers Circuit Court's recognition of that removal on May 4, 2004. In light of the removal of the action to the bankruptcy court, the circuit court did not have jurisdiction on May 7, 2004, to enter its Hammond order; consequently, that order is void.
Thus, because the circuit court did not have jurisdiction over this cause when it entered its order on remand, that order is void, and we grant the Willifords' petition insofar as it asks us to direct the Chambers Circuit Court to vacate its May 7, 2004, order. We note, however, that because the bankruptcy court on August 26, 2004, also remanded this cause to the Chambers Circuit Court, the circuit court now has jurisdiction to enter its order, and the state court action may continue.
The Willifords also contend that the Chambers Circuit Court failed to comply with this Court's order on remand. Specifically, they argue that this Court's original decision allegedly provided them with the opportunity for another Hammond hearing. We disagree.
In our opinion on direct appeal, we ordered the circuit court to enter an order in compliance with the requirements ofHammond. ___ So.2d at ___. We did not provide the Willifords with the opportunity for a hearing. After directing the circuit court to enter a proper Hammond order, we stated that "on return to remand" this Court would consider, if the Willifords asked, "their argument that the punitive-damages award is outside the constitutional parameters set forth in [BMW v.] Gore [,517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996),] andHammond/Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), should they still wish to do so." ___ So.2d at ___. The phrase "on return to remand" in the Williford opinion means that once the action is returned to this Court with an order that complies with Hammond, this Court will review the Willifords' contention that the punitive-damages award is unconstitutional if the Willifords request it to do so. This Court did not provide the Willifords with the opportunity for an additional Hammond
hearing. Therefore, the Willifords have not established a clear legal right to relief in this regard, and insofar as their petition asks us to direct the circuit court to conduct such a hearing, it is denied.
 Conclusion
The Willifords have established a clear legal right to have the Chambers Circuit Court vacate its May 7, 2004, order, and to the extent their petition seeks a vacation of that order, it is granted. The Willifords, however, have not established a clear legal right to a Hammond hearing on remand, and to the extent that their petition seeks such a hearing, it is denied.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
[1] The trial court in its May 7, 2004, order clearly establishes that in 2002 the trial court conducted a Hammond
hearing at which evidence and testimony were presented on the propriety of the amount of the punitive-damages award.
[2] We note that the Willifords did not file a suggestion of bankruptcy with this Court while the case was submitted on direct appeal. The July 6, 2004, suggestion of bankruptcy was the first notice this Court received of the Willifords' bankruptcy action. *Page 664